ALBANY,
Jan. 1832.

Bristol
v.
Sprague.

BRISTOL *vs.* SPRAGUE and others.

Where a partnership note was made *after the dissolution of a firm* by one of the late partners, accepted by the *payee* with a knowledge of the fact, and transferred by him in payment of *an antecedent debt*, under an agreement that if the note could not be collected, he would be liable for a part of the original debt, *it was held*, that an action on the note could not be maintained by the *assignee* against the partners.

The fact that sufficient time to give public notice had not elapsed between the dissolution of a firm and the subsequent making of a note by one of the late partners in the name of the firm, will not excuse the partners from their liability to pay such note in the hands of a *bona fide* holder.

THIS was an action of assumpsit, tried at the Herkimer circuit in March, 1830, before the Hon. NATHAN WILLIAMS, one of the circuit judges.

The defendants were sought to be charged af the *makers* of a promissory note for $350, bearing date 13th July, 1827, payable to L. Rogers or *bearer*, twelve months after date, to which the partnership name of " Sprague, Dann & McKenster " was subscribed. The action was by the plaintiff as the bearer of the note. The plaintiff proved that in the spring of 1827, and at a short period previous to the date of the note, the defendants were partners in trade, doing business under the partnership name of *Sprague, Dann & McKenster*, and that the parternship name subscribed to the note was in the handwriting of *Sprague*, one of the firm. The defendants objected to the sufficiency of the evidence, insisting that the plaintiff was bound to shew that the firm existed *at the date of the note*, but the judge considering the evidence *prima facie* sufficient, overruled the objection. The defendants then proved a *dissolution* of the firm on the 12th July, (the day preceding the date of the note) but it appeared that notice of such dissolution was not published in a newspaper or in any other public manner; the defendants, however, proved that the note in question was transferred by the *payee* to the plaintiff under these circumstances : the payee was indebted to the plaintiff to the full amount of the note, which was delivered to the plaintiff under the agreement, that if he succeeded in obtaining judg-

ment against the defendants, and in collecting the amount thereof, the whole should belong to him ; but if he failed in collecting the money, *Rogers* should pay him a *part* of the money which he owed him ; *how much* he was to pay did not appear. After adducing this evidence, the defendants offered to prove that Rogers, at the the time of the taking of the note, *knew of the dissolution,* which evidence was objected to and rejected. The defendant, *Dann,* the only member of the firm who defended the suit, then desired the judge to instruct the jury that if he, Dann, was not liable to the paymenet of the note, they should find that he was not in fault in not publishing the dissolution in a newspaper or some other public manner, by reason of the note having been made so soon after the dissolution ; the judge refused so to charge, and the jury, under his direction, found a verdict for the plaintiff, and the defendants moved a new trial.

*C. P. Kirkland,* for the defendants.

*M. T. Reynolds,* for the plaintiff.

*By the Court,* NELSON, J. It is well settled, that one partner may bind another after the dissolution of the firm, if the payee or holder of the paper is not chargeable with notice, express or constructive, after dissolution of the partnership, 6 Johns. R. 144, 6 Cowen, 701, and that such notice must be specially communicated to those who had been customers of the firm, and as to all others by publication in some newspaper in the county, or some other public and notorious manner. It was said on the argument that there was no time in this case, between the dissolution an the giving of the note, for notice to be given. The want of time cannot dispense with the rule of law ; so far as the public are concerned, the partnership obligations continue until notice is given. The responsibility of the good faith of the partners rests upon the members of the firm until notice, and the rights of innocent third persons cannot be affected by an abuse of confidence by either member of the firm.

The only question in this case is, whether the plaintiff is a *bona fide* holder of the note for a valuable consideration. Although he was not to call upon Rogers for a part of his debt if he failed in the collection of the note, which is mainly relied on to shew a valuable consideration, yet there is no doubt that if he should fail to obtain judgment against the defendants, his whole debt will revive upon the facts which appear in this case. The transfer of the note by Rogers to the plaintiff was a fraud upon him, which would be a sufficient answer to the terms upon which the note was received, Rogers knowing of the dissolution of the partnership when he took the note. In judgment of law, therefore, the plaintiff can be viewed in no better situation than if he had taken the note merely as collateral security for the payment of his debt; and if so, within the doctrine of *Coddington* v. *Bay*, 20 Johns. R. 637, he cannot be considered as having taken the note in the usual course of business, and for a full and valuable consideration.

The only doubt I have had is, whether this case came within that class of cases which allowed the defendant to shew *mala fides* on the part of the holder, or the absence of that full and valuable consideration required in them. On further consideration, I am satisfied it does. Upon principles of strict law, Dann could not be bound by this co-partner after the dissolution; but for the protection of third persons, the obligation of the firm is continued until notice, either express or constructive, of the dissolution is given; within the reason and policy of the rule, however, partners should be held liable in such cases only where the holder has received the note in the usual course of business, and for a full and valuable consideration. 3 Pick. 177, It is like a note procured by fraud or felony, or lost and afterwards negotiated, and its negotiability should be subject to the same qualifications as in those cases. The note in this case was put in circulation in fraud of Dann's rights by the co-partner, and the case must turn upon the equities of the parties. Within this principle the plaintiff cannot recover.

New trial granted, costs to abide the event