## WILKINS & ROLLINS *vs.* PEARCE.

An agreement made by one partner of a mercantile firm in the partnership name, to indemnify a third person for accepting for the accommodation of the firm a draft drawn upon him by such partner, is valid.

And this is so, although one of the partners at the time dissented from the agreement.

Each partner may bind his copartners by any contract within the scope of the copartnership business so long as the relation continues, notwithstanding their objections.

ERROR to the superior court of the city of New-York. Pearce sued Wilkins, Rollins and J. B. Glentworth, who constituted a partnership under the firm of Wilkins, Rollins & Co. upon an agreement to pay at its maturity a draft drawn upon Pearce by Glentworth and accepted by Pearce. It was alleged in the declaration, that the draft was accepted for the accommodation of the firm. Glentworth suffered judgment by default, and Wilkins & Rollins defended. On the trial, the plaintiff gave in evidence the draft accepted by him dated February 6, 1840, for $522, payable three months after date, and proved that it was not paid at maturity and that he had been sued upon the acceptance and compelled to pay it with the interest and costs of suit. He also gave in evidence an agreement in the following words:

*" Thursday, February* 6, 1840.

Borrowed of N. Pearce, for our accommodation, his acceptance on J. B. Glentworth's draft a 3 mos. from this date, for $522,00, which we promise to take care of at maturity.

WILKINS, ROLLINS & Co."

The signature of Wilkins, Rollins & Co. was in the hand-writing of Glentworth. The plaintiff offered in evidence what was testified by the defendants Wilkins & Rollins upon the trial of the suit brought against him upon the acceptance. This was objected to, but the evidence was admitted and the defendants excepted. It appeared that upon that trial Wilkins testified, that he in the plaintiffs' presence, refused to agree to the making of the agreement signed with the firm name by Glentworth; but upon his cross-examination, stated that he received the acceptance from Glentworth and transferred it to one G. M. W. to indemnify him for becoming security for the rent of the store occupied by the firm, which store was hired in the name of Wilkins alone : that Wilkins paid one-third of the rent and the other two-thirds of it was covered by the acceptance. It also appeared that Rollins on that trial testified that Wilkins told him he had got the acceptance; and that Pearce (the plaintiff) wanted a receipt from him that it should be paid by the firm, which he declined giving, and thereupon Glentworth gave the agreement in evidence. Rollins further testified that he did not dissent from the transfer of the acceptance to G. M. W. by Wilkins, and that Glentworth was a full partner in the firm of Wilkins, Rollins & Co. The plaintiff rested, and the defend-ant gave in evidence, a release from plaintiff to Glentworth, of all claim against him *as drawer* of the acceptance. The de-fendants then moved for a nonsuit on the following grounds : 1. The copartnership of Wilkins, Rollins & Co. was not proved. 2. There was no evidence of the assent of Wilkins & Rollins, to the agreement to take up the acceptance, but on the contra-ry, proof that Wilkins in plaintiffs' presence expressly dissented. 3. The release to Glentworth by plaintiff, discharged the three defendants. The motion for nonsuit was denied and the de-fendants excepted. Further evidence was given by defendants which it is not material to state, and then the defendants' coun-sel required the judge to charge, 1. That if the jury should find that the plaintiff accepted the draft, and delivered it to Glentworth, when he knew Wilkins' dissented to the giving the agreement in the name of the firm, to take it up, the plain-

tiff could not recover against Wilkins & Rollins, whatever might afterwards have been done with the acceptance : 2. That Wilkins being alone liable to the owner of the store for its rent, a transfer of the acceptance to secure the person who had become his surety for the rent was not an application of the acceptance for the benefit of the firm.  The judge charged, that if the draft was accepted by plaintiff, for the separate use of Glentworth, the plaintiff could not recover, whatever use was made of it by the defendants; but if for the use of the firm and upon their guaranty to take it up, then notwithstanding Wilkins' objecting at the time to the pledge of the partnership liability made by Glentworth, the plaintiff was entitled to recover against the firm, if the acceptance was afterwards applied with the knowledge of the partners to pay the debts of the firm ; and that the application of the acceptance to pay the rent of the store was a payment of a debt for which the firm was liable. The defendants excepted to the charge.  The jury found a verdict for plaintiff for the amount paid on the acceptance and the costs of the suit brought against him upon it, upon which a judgment was rendered.  A bill of exceptions was signed and the defendants Wilkins & Rollins brought error.

*S. Stevens*, for plaintiffs in error.

*M. T. Reynolds*, for defendant in error.

*By the Court*, BEARDSLEY, Ch. J.  There was sufficient evidence to authorize the jury to find that when Glentworth's draft was accepted by the plaintiff, and the agreement to pay it at maturity executed, the three defendants were copartners in business, under the style and firm of Wilkins, Rollins & Co.  It was not pretended that the copartnership was so limited in its nature, that one of its members could not bind the firm to indemnify a third person against an acceptance which he might make at their request and for their benefit.  The objection made, was very different from this ; it was that the agreement in question was invalid, because Wilkins, one of the firm, refused his assent

to its execution by Glentworth, another member of the firm. This objection, as made, virtually concedes that the agreement would have bound the firm, but for the dissent of Wilkins, and if this constitutes no ground for the objection, the agreement must be held good. We think the objection made is of no force. By the act of entering into a copartnership each of its members becomes clothed with full power to make any and every contract within the scope and limits of the copartnership business. All such contracts will therefore be absolutely binding upon the several members. This power is incident to the copartnership relation, and must exist, in defiance of expostulations and objections, while the relation endures. The defendants therefore were bound by the agreement executed by Glentworth, notwithstanding the dissent expressed by Wilkins. Glentworth was a full partner, and the jury have found that the draft was accepted for the benefit of the copartners; they therefore were bound by the agreement to see it paid at maturity.

The defendants had no reason to complain of the charge of the judge. If the verdict had been in their favor, it is by no means clear that the plaintiff would not have had just ground for complaint. In one part of his charge the judge makes the liability of the defendants depend on the fact that the draft had been applied to their benefit. But as they were originally bound by the agreement to pay the draft, which they had failed to do, in consequence of which the plaintiff was compelled to pay it, I do not see that their liability to him depended in any degree upon the question whether the draft had been applied to the benefit of the copartnership, or used in some other way by one of its members. But it is unnecessary to dwell on this feature of the charge, as the jury found, upon evidence quite sufficient for the purpose, that the draft had been used for the benefit of the firm.

It was agreed that the plaintiff was not entitled to recover the costs of the suit against himself as acceptor of the draft. I shall not undertake to say how the law on this point may be,

for if the question was intended to be made on the trial it is not stated in an intelligible form in the bill of exceptions.

The justice of the recovery is quite clear, and I do not see that any principle of law has been violated to the prejudice of the plaintiff in error.    The judgment should be affirmed.

Judgment affirmed.