Elijah Benton *v.* Chamberlain, Strong & Co.

*Liability of retiring partner.    Misjoinder of defendant in action on
book account.*

A retiring partner cannot be held liable for a subsequent debt of the firm, if the
creditor, at the time of the contract, was ignorant, that such partner had be-
longed to the firm. And the creditor must show, either his express knowledge,
at the time of the contract, that the party sought to be charged had been a
member of the firm, or circumstances, from which such knowledge may fairly
be presumed.

It is not necessary, in the action of book account, that the misjoinder of a defend-
ant should be pleaded in abatement; it is proper matter of defence before the
auditor.

Book Account.    The action was brought against Selah Chamber-
lain, John Bradley, Timothy F. Strong, James Warrell, Joseph
Chamberlain and Stephen C. Walker, as partners under the firm of
Chamberlain, Strong & Company.    Judgment to account was ren-
dered, and auditors were appointed, who reported the facts substan-
tially as follows.

The defendants entered into partnership, as rail road contractors,
under the name and firm of Chamberlain, Strong & Co., and, as
such, took a contract on the Rutland & Burlington Rail Road.
About ten months previous to the accruing of any part of the plain-
tiff's account, and before he had any dealings with the firm, the de-
fendant Warrell retired from the firm, leaving the other defendants,
—who still continued in partnership under the previous name of
Chamberlain, Strong & Co.,—to complete the contract with the
railroad company; and the items charged in the plaintiff's account
were procured and used by them, in performing that contract.
There was never any publication of the names of the partners, or
any notice of the formation of the partnership, or of the retiring of
Warrell from the firm. Warrell never took any active part in the
direction or management of the work in the western part of the state.
The defendants claimed, that there was a misjoinder; and the plain-
tiffs claimed, that, if there were a misjoinder, it could only be taken
advantage of by plea in abatement.    But the auditors, deciding that

a misjoinder, if proved, was fatal on the trial before them, and finding, from the facts above stated, that there was a misjoinder of defendants, reported, that there was nothing due from the defendants to the plaintiff. But the auditors farther reported, that, if they were mistaken in this, they found that there was due from the defendants to the plaintiff $142,43, to balance their book accounts. The auditors also reported fully the facts, in reference to this balance; but as no question in reference thereto was decided by the supreme court, they need not be detailed.

The county court, December Term, 1850,—PIERPOINT, J., presiding,—accepted the report, and rendered judgment thereon for the defendants. Exceptions by plaintiff.

*Pierpoint,* for plaintiff, in reference to the question of misjoinder. cited Esp. R. 371, 1 Sw. Dig. 349, 3 Esp. R. 248, 5 Vt. 149, 3 Stark. Ev. 1078, and Chit. on Cont. 209.

*C. Linsley* and *J. A. Beckwith,* for defendants, cited 1 Smith's Lead. Cas. 610, Chit. on Cont. 240, 260, Collyer on Part. 2, Gow on Part. 309, 1 Esp. N. P. 118, 2 Stark. Ev. 809, *Evans v. Drummond,* 4 Esp. R. 89, *Newmarsh v. Clay,* 14 East 239, *Carter v. Whalley,* 20 E. C. L. 333, and *Heath v. Sansom,* 24 E. C. L. 44.

The opinion of the court was delivered by

ROYCE, Ch. J. This was an action of book account, in which several questions have been discussed upon the facts reported by the auditors.

It is evident, however, that the county court, in accepting the report and rendering judgment thereon in favor of the defendants, decided only the question of misjoinder, in suing James Warrell with the other defendants. The auditors had reported their decision, that there was a misjoinder of defendants, at the same time reporting a balance due to the plaintiff, upon his account. The judgment in favor of the defendants must, therefore, have been predicated solely upon the misjoinder. And as the court made no decision upon the other parts of the case, the question of misjoinder, with its consequences, is the only matter strictly open to *revision* in this court; although, should the judgment be reversed, it would be incumbent

upon us to proceed andrender such a judgment upon the remainder of the report, as the county court ought to have rendered.

It appears, that originally James Warrell united with the other defendants, under the name of "Chamberlain, Strong & Co.;" in a large contract for building the Rutland & Burlington Rail Road, and that for a period he acted openly in conducting the work on the east side of the mountain, but that he never so acted upon any other part of the road. It also appears, that for ten months prior to any dealings between the plaintiff and Chamberlain, Strong & Co., Warrell had ceased to be a member of the firm, though the other members continued the business under the same name.

There can be no question of the general rule, that, when a known partner retires, and the business is continued without any change in the partnership name, public notice of such partial dissolution must be given, in order to protect the retiring partner from debts afterwards contracted by the remaining partners with persons ignorant of the dissolution. And in this case no such public notice was given. If the person retiring from a firm was a secret or dormant partner, his liability, except for past transactions, ceases upon his retirement.

For a time, the company name, with which the plaintiff contracted, included and imported that of Warrell, as well as that of Bradley and some others, in connection with Chamberlain and Strong. But at the time of the contract, that name did not *in fact* import the name of Warrell,—for it was not apparent in the partnership name, and he had gone out of the firm. If, however, the plaintiff had previously understood the name to embrace Warrell, and was not apprised but that it did so still, he might well claim to have trusted him, with the other defendants, and should be allowed to hold him liable. Now it does not appear, what knowledge the plaintiff had, at the time of the contract, as to the individuals, besides Chamberlain and Strong, who at any time composed the firm. And it is held in the more recent decisions, that a retiring partner cannot be subjected for a subsequent debt of the firm, provided the creditor, at the time of the contract, was ignorant, that such partner had belonged to the firm. Hence it was considered in *Carter* v. *Whally et al.*, 20 E. C. L. 339, (the case of a retiring partner who had given no public notice,) that the creditor was bound to show either his ex-

XXIII.        *90*

press knowledge, at the time of the contract, that the party sought to be charged had been a member of the firm, or circumstances, from which such knowledge might fairly be presumed.

We think, this is obviously reasonable and just, when the attempt is, to subject a party, who really had no connection with the contract. It was not sufficient for the plaintiff, after he had given the credit, to discover, for the first time, that Warrell had been a partner, but was not such, when the credit was given. It follows, that the plaintiffs should have made the proper showing on this point, before the auditors. And having failed to do so, they were well warranted in finding a misjoinder of defendants.

The objection, that the misjoinder should have been pleaded in abatement, is not well founded. It has been settled, ever since the case of *Loomis* v. *Barrett*, 4 Vt., 450, that even non-joinder of defendants, in the book action, was proper matter of defence before auditors. And in every case of contract a misjoinder is fatal to the action, with certain exceptions, not applicable to the present case.

Judgment of the county court affirmed.