*S. A. Huff*, *Z. Baird* and *J. M. Larue*, for the appellee.

Nov. Term, 1856.

HUNT
v.
HALL.

---

## HUNT *v.* HALL and Another.

All the partners may be bound after the dissolution of the partnership, by a contract made by one partner, in the usual course of business, and in the name of the firm, with a person who contracted on the faith of the partnership, and had no notice of the dissolution.

A loan of money by a customer of a firm, to be used by the firm in their business, is within the usual course of mercantile business.

APPEAL from the *Union* Circuit Court.

DAVISON, J.—*Hunt* sued *Edward Hall* and *Clark Roby* upon a promissory note, in these words:

"*Brownsville, Indiana, September* 1, 1854. Due *Aaron Hunt*, or order, 549 dollars and 76 cents, for value received. *Hall* and *Roby*,"

The defendants answered the complaint—1. By a general denial. 2. That they never executed the note, either as individuals or as partners; and that one *George W. Roby* and the said *Edward Hall*, composed the firm of *Hall* and *Roby*. This paragraph was verified, &c.

The plaintiff replied that the defendants, in the year 1845, entered into copartnership, for an indefinite period, in the mercantile business at *Brownsville*, under the name of *Hall* and *Roby*; that *Hall* resided in *Brownsville*, and had the care and management of the business, and *Clark Roby*, though an ostensible partner, resided, and still resides, on his farm, three miles distant from

Monday, December 1.

said town; that *George W. Roby*, named in the answer is the son of the defendant, *Clark Roby*, and when the partnership commenced, was an infant, but is now twenty-three years old; and at all times since such commencement, has been and still is a clerk in said mercantile house of *Hall* and *Roby*. And the plaintiff having previously dealt with said firm, and having no notice by publication or otherwise, that *Clark Roby* had retired therefrom, contracted with *Hall*, and upon the faith of the partnership of said *Hall* and *Clark Roby*, loaned him, at their counter 549 dollars and 76 cents, to be used in the business of that firm, and for the payment of which, *Hall* executed the promissory note in suit.

To the reply, there was a demurrer sustained. Judgment for the defendant.

The only question raised in the case relates to the sufficiency of the reply, so far as it alleges new matter in avoidance of the answer. The rule is, that "all the partners may be bound after the dissolution of the partnership, by a contract made by one partner, in the usual course of business, and in the name of the firm, with a person who contracted on the faith of the partnership, and had no notice of the dissolution." Collyer on Part. s. 530. As we understand the reply, it admits that when *Hall* executed the note, *Clark Roby* was not a member of the firm; but alleges that the plaintiff, at that time, had no notice of its dissolution, and loaned the money, to be used in the business of the partnership, on the faith of the defendants, who, as he then believed, still composed the firm of *Hall* and *Roby*. This seems to be substantially within the rule. True, there is no direct averment that the money was loaned in the usual course of business; still the purpose of the loan, and the faith on which it was made, show the contract to be such as is not unusual in the business of merchants. We incline to the opinion that the facts stated in the reply avoid the answer.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. Yaryan*, for the appellant.