Butler, J.
In the case of Lyon v. Johnson, decided this term, we have examined at some length the duty required of a retiring partner in regard to notice of the dissolution, and shall here content ourselves with an application of the rules there stated to the facts of this case.
It appears that the contract upon which the plaintiffs claimed to recover, was entered into by them on the faith of the partnership, with one of the partners, in the name and ostensibly for the benefit of the partnership, and was within the scope of the partnership business; and it is therefore obligatory on all the partners, unless the dissolution resulted by operation of law, or notice, actual or constructive, had been in fact given to, or had by the plaintiffs.
It is found that the dissolution was voluntary, and not by operation of law, and that the partnership was a general and public one. Notice was therefore necessary. It is also found that the plaintiffs had never had any previous dealings with the firm. Actual notice therefore was not necessary as to them, and notice by publication would have been sufficient.
It is further found that there was a newspaper published in Stamford, the place where the partnership business was conducted, and that the defendant Searles intended and attempted to procure the insertion of a notice in it, but was not in time for the issue of that week, and that therefore no notice by publication had been given to the plaintiffs or the public at the time the contract was made. , • ;■
The obligation rested on Searles to inform the public that the contract was dissolved, and until he performed that duty, and in the mode deemed reasonable, his responsibility continued. Such is the perfectly well settled rule of law, founded on the plainest principles of policy and justice. It is of no conse- [ *47 ] quence that he had not had time to do it. *Bristol v. Sprague, 8 Wend., 423. Performance was essential to a discharge of his liability. That he was not able to give the notice was his misfortune, and he must abide it; he can not visit it upon the plaintiffs.
It is further found that the dissolution had become a matter of some notoriety in Stamford. This can not avail the defendant. Pitcher v. Barrows, 17 Pick., 361. That which is generally known may not be universally so, and however notorious the dissolution may have become, unless he could show that by reason of it the plaintiffs had become acquainted with the fact, *39 and therefore had actual ’knowledge, his liability continued. That the plaintiffs had such knowledge does not appear. On the contrary, it is found that the plaintiffs had no notice or knowledge of the dissolution ; and they were clearly entitled to recover.
There is no error in the judgment complained of.
In this opinion the other judges concurred.
Judgment affirmed.