SOUTHWICK & WHEELOCK v. McGOVERN.

CARSON, PIRIE & CO. v. THE SAME.

1. **Partnership:** EVIDENCE: DECLARATIONS AS TO EXISTENCE OF PARTNERSHIP. While the declarations of a former partner would not be admissible against his copartner after the dissolution of the firm for the purpose of showing a continuance of the partnership, they are admissible for the purpose of showing that plaintiffs, when they sold the goods in question, supposed the partnership existed, and that they were dealing with the firm.

2. —— So, too, the declarations of plaintiffs' salesman to them, to the effect that he was informed by a certain person that the partnership existed, and that he had received the same information from the commercial agency, were held admissible for the same purpose.

3. —— LIABILITY AFTER DISSOLUTION: NOTICE. In order to protect a retiring partner from liability after dissolution of the firm, for purchases made by the remaining partner, in the name of the firm, of parties who knew of the prior existence of the partnership and had no knowledge of its dissolution, he must have given notice of the dissolution by public advertisement.

*Appeal from General Term, Eighth District (Cedar County).*

MONDAY, APRIL 25.

IN these actions plaintiffs seek to recover of defendant, as a partner in the firm of M. McInnerny & Co., for goods sold to the firm. Defendant denies that he was a member of the firm, and this constitutes his defense.

Judgment for plaintiffs, upon a trial without a jury, in the District Court, in each case, was affirmed by the General Term; defendant appeals to this court. The facts, which are nearly the same in both cases, appear in the opinion ; any difference is noticed.

*H. M. Martin* and *Charles Baker* for the appellant.

*Clark & Haddock* for the appellee.

BECK, J. — I. The facts disclosed by the records in these cases, so far as they are necessary for an understanding of the points ruled, we find to be as follows : The defendant and M. McInnerny, on the 5th day of March, 1867, entered into a copartnership, under the style and name of M. McInnerny & Co., for the transaction of mercantile business. This copartnership was dissolved on the first of August of the same year. No notice of dissolution was published in the newspapers, but the fact was made known in Iowa City, where the firm conducted business, and was as generally known there as the existence of the firm during the time the parties transacted business together. Upon the dissolution of the firm, McInnerny continued the business. He sometimes made written orders for goods, and executed other papers in the name of M. McInnerny & Co., with no intention, however, of binding his former partner, and to some parties of whom he made purchases, he explained that he, in fact, had no partner. The sign, " *M. McInnnerny & Co.*," used by the firm, was kept on his door.

March, 24, 1868, Southwick & Wheelock, of the city of New York, sold to McInnerny, in person, a bill of goods, and on the 14th of August, 1868, they drew upon the firm of " M. McInnerny & Co," for the amount thereof. The draft was accepted by McInnerny, by a writing, on its face, signed in the firm name.

Southwick & Wheelock v. McGovern.

On the 24th day of July, 1868, McInnerny bought also of plaintiffs in the second case, who were doing business in Chicago, a bill of goods. The purchase was made upon a written order. It appears that the order was signed in the firm name. The bill, rendered at the time of the purchase, however, was made to M. McInnerny, and not to the firm.

It appears that the firm, before its dissolution, had no business transactions with plaintiffs in either case.

Plaintiffs were permitted to prove upon the trials, against McGovern's objections, that they were informed, at the time of the sales to McInnerny, that the firm was in existence. One of the plaintiffs in his testimony names several persons from whom this information was obtained; like evidence was admitted in the other case, except that the names of the parties from whom the information was obtained is not given. The declaration of McInnerny at the time of the purchase was proved in one case to the effect that defendant was his partner, but this was denied by him in his evidence. Proper exceptions were taken to the admission of all this evidence.

There is some conflict in the evidence; but the facts above stated are satisfactorily established. The court does not find specially the facts; the findings were general for plaintiffs. The evidence being all properly certified to this court, we can review the general findings of the court below.

II. The first question to be considered arises upon the admission of the evidence as to McInnerny's declarations, that, at the time of the purchase of the goods, defendant was his copartner in business, and that the purchase was made for the firm. It is conceded to be a well settled rule, that the acts, admissions and declarations of one are not evidence of a partnership against another. Collyer on Partnership,

1. PARTNERSHIP: evidence: declarations as to existence of partnership.

§ 776 and notes; *McPherson* v. *Rathbone*, 7 Wend. 217; *Keely* v. *Hewitt*, 26 Barb. 607. While inadmissible for the purpose of proving the partnership, they are certainly competent to prove the fact that the goods were sold on the credit of the firm, and that the plaintiffs supposed, in the transaction, that they were dealing with the firm. The prior existence of the partnership is admitted; whether the goods were sold upon the credit of the firm, is a material question. The acts and declarations of the parties are competent evidence upon that issue. The record, by no means, discloses the fact that this evidence was admitted for the purpose of proving the existence of the partnership. We will presume that it was admitted for the purpose for which it is competent.

III. It is insisted that the evidence, in the first case, tending to show that plaintiffs knew of the existence of the firm, and that defendant was a partner, is of a secondary and hearsay character, and therefore inadmissible. It consists of the declarations made by the salesman of plaintiffs, for the purpose of giving them information upon the subject, to the effect, that a certain person, who is named, had informed him of the existence of the partnership, and that defendant was one of the partners, and that he had received the same information from the mercantile agency. Plaintiffs' knowledge was based upon such information, and upon it they were induced to sell the goods upon the credit of the firm. Now it will be remarked that this evidence is not admissible to prove the existence of the copartnership, and that was not the purpose for which it was introduced. But it is competent to prove the information, knowledge and belief of plaintiffs as to the fact that the firm continued to exist and defendant was a partner therein. It is admitted that the existence of a firm cannot be proved by general reputation, much less by declarations of two or three

persons.   But when it is an admitted fact that the firm did exist, any evidence which raises a reasonable presumption that the plaintiff in fact knew it, is competent to establish his knowledge.

The question is not, did the firm exist, but did plaintiffs know or have reason to believe that it did exist? Now certainly it cannot be claimed, that, in order to raise such belief in the mind of plaintiffs, in order to convey to them such information, they must have had legal evidence of the fact; such evidence as would be required by a court upon the trial of an issue as to the existence of the firm.   It being a question as to the knowledge and belief of plaintiffs, it is very plain that if the source of that knowledge is hearsay, it is not for that reason incompetent.   The question, however, arises whether it is reasonable ground of belief, and it must be weighed under that inquiry.   If the knowledge plaintiffs possessed was sufficient to raise reasonable grounds of belief it is unquestionably admissible in evidence.   Such knowledge derived from public notoriety has been held sufficient. *Carter* v. *Whalley et al.*, 20 Eng. Com. Law, 333; *Bernard* v. *Torrence*, 5 Gil. and J. 383; *Halliday* v. *McDougal*, 20 Wend. 81; 1 Lindly's Partn. 419.

Undoubtedly what might properly be termed hearsay evidence, as the declaration of one individual personally cognizant of the fact, or the records of a mercantile agency as to the existence of a firm, in many cases would be more satisfactory evidence to a business man than public notoriety.

IV. The prior existence of the firm and plaintiffs' knowledge thereof having been established, defendant 3. —— liability can only be discharged from liability — plaintafter dissolu-
tion: notice.   iffs having no knowledge of the dissolution of the firm — by proving that after the dissolution and before the debts were contracted, he caused notice thereof,

by public advertisement, to be published in the usual way and to the usual extent. This is unquestionably the rule of the authorities. Par. on Partn. 413; 1 Lind. on Partn. 419; 2 id. 411; 2 Collyer on Partn. § 535, *et seq.; Martin v. Searles*, 28 Conn. 43; *Lyon v. Johnson*, id. 1; *Goddard v. Pratt*, 16 Pick. 428; *Davis v. Allen*, 3 Comst. 168; *City Bank v. McChesney*, 20 N. Y. 240; *Bristol v. Sprague*, 8 Wend. 423; *Lansing v. Gaine & Ten Eyck*, 2 Johns. 300; *Kitchen & Black v. Clark*, 6 id. 144.

The reason of this rule is apparent. It is the duty of the retiring partner to make known, in the most public manner, the dissolution of the firm. This he should do that credit may not be extended to the firm on his account. In this he may protect those who have subsequent dealings with the firm, when otherwise they could have no protection, and the law requires it of him.

It is said, that in this case, this rule works a hardship; that for the bare neglect of publishing a notice of the dissolution of the firm the defendant is held liable to those who, in all probability, would not have obtained any knowledge from the notice, and never would have seen it. This may be so in this particular case. It is obvious, however, that the more public and notorious the dissolution of a firm is made, the more likely it is that those concerned will obtain knowledge of the fact. A public advertisement gives greater notoriety to the fact than can otherwise be given. Good faith and justice to others require the retiring partner to give such a notice. If in this case there be a hardship, it is no reason for disregarding a rule just and equitable in its general application.

The defendant having failed to give public notice, by advertisement, of his retirement from the firm, or the dissolution of the copartnership, and having also failed

to prove that plaintiffs had notice of that fact, while possessing knowledge of the existence of the firm, is liable in these actions.

Affirmed.