STALL ET AL. *v.* CASSADY, BY HIS NEXT FRIEND.

PARTNERSHIP.—*Dissolution.*—*Notice of.*—*Liability of Retiring Partner.*—A retiring partner, who desires to avoid liability for future debts of the new firm, which may be contracted by it to persons who have had dealings with the old firm, must cause notice of his retirement to be given to such persons.

From the Boone Circuit Court.

*S. M. Burke,* for appellants.

*S. H. Buskirk* and *J. W. Nichol,* for appellee.

PERKINS, C. J.—Suit upon a promissory note, against Thompson and Stall as makers. Answer, by Stall, of *non est factum.* Thompson made default. Trial by the court. Judgment for the plaintiff.. New trial denied. Appeal. Error assigned, overruling the motion for a new trial upon the evidence.

It appeared by the evidence, that William A. Thompson and Robert Stall were partners during the years 1871, 1872, and a part of 1873; that their office was in Indianapolis; that in the early part of 1873, Stoll retired from the firm, but gave no notice whatever of the fact. At its date, the following note was given for a balance due for services rendered in 1872 and 1873 to the firm of Thompson & Stall:

" $52.86.                    INDIANAPOLIS, July 28th, 1873.

"Ninety days after date, we promise to pay to the order of W. T. Cassady, at the Merchants National Bank of Indianapolis, Ind., fifty-two 86-100 dollars, with ten per cent. interest after maturity, and attorney's fees if suit be

instituted on this note; value received, without any relief from valuation or appraisement laws. The drawers and endorsers severally waive presentment for payment, protest and notice of protest of this note.

"Thompson & Stall."

Stall contends that the note is not his, even as to an innocent holder, as it was executed after his retiring from the firm.

It is just that he should be liable on the note, in this case; and that he is, would seem to be decided in the cases of *Hunt* v. *Hall*, 8 Ind. 215, *Cregler* v. *Durham*, 9 Ind. 375, and cases cited in note.

If Thompson had given the note in question, for a new consideration in the line of the partnership, to the plaintiff, it would have bound Stall, under the circumstances of this case. Surely then, it should bind him for a debt for which he is actually liable, and that it does so is established by the following cases, in addition to those above cited: *Hutchins* v. *Sims*, 8 Humph. 423; *Ketcham* v. *Clark*, 6 Johns. 144; *Kirkman* v. *Snodgrass*, 3 Head, 370. In this latter case, the following proposition is decided:

"Persons who have had previous dealings with a firm must have actual notice of its dissolution before they are deprived of their right to hold all its members responsible for the contract of one, made in good faith, in the name of the firm."

Nearly the same doctrine is held in *Lowe* v. *Penny*, 7 La. An. 356, and in *Pratt* v. *Page*, 32 Vt. 13.

The judgment is affirmed, with costs.