Backus *et al. v.* Taylor.

No. 9313.

BACKUS ET AL. *v.* TAYLOR.

RETIRING PARTNERS.— *Liability for Subsequent Contracts.— Notice of Withdrawal.—Public Notice.*—Retiring members of a partnership, where the business is continued after their withdrawal, owe a duty to give public notice of their retiring from the firm, not merely to former customers of the firm, but also to the public generally; and this is so especially where, after their withdrawal, the prior business of the firm is carried on in the same manner, at the same stand, and under the same firm name. If no such public notice of their withdrawal is given, the retiring partners will be liable for the subsequent contracts of the partnership made with one who knew of the former existence of the firm, and did not know of their withdrawal at the time of the contract, and made such contract upon the faith and credit of all the partners.

From the Superior Court of Marion County.

*W. W. Woollen,* for appellants.

*H. Speed, J. R. Wilson* and *J. L. Wilson,* for appellee.

HOWK, J.—In this case the appellee sued the appellants and one John Scheid, as partners, under the firm name of John Scheid & Co. The suit was on an open account for goods sold

and delivered by the appellee to the defendants as such part-- ners. The appellants appeared and answered, and as to them· the cause was put at issue and submitted to the court for trial. At the appellee's request, the court at special term made a· special finding of the facts and of the conclusions of law thereon. Judgment was rendered by the court at special term· upon its conclusions of law, in favor of the defendants Backus and Buchter; and from this judgment the appellee Taylor ap-- pealed to the court in general term. The judgment at special term was reversed by the court in general term, and the cause· was remanded to the special term, with directions to render· judgment against all the defendants.

From the judgment of reversal the appellants Backus and Buchter have appealed to this court, and, by proper assign-- ment of error, they have presented for decision this single question of law, namely : Upon the facts specially found by the court at special term, are they liable to the appellee for· the debt in suit? The facts specially found by the court were,. in substance, as follows :

"For several months prior to April 3d, 1878, the defend-- ants, John Scheid, William Backus and Theodore Buchter, were partners in the fish and oyster business in the city of Indianapolis, Marion county, Indiana, and did business under· the firm name and style of ' John Scheid & Co.,' making pur- chases and sales in that name, and so printing their letter and bill heads. On October 17th, 1877, and while said partner- ship was in existence, one Boice, who was a correspondent for· a commercial agency, known as ' Bradstreet's Commercial Agency,' applied to said Scheid and Backus for information, as to the financial condition of said firm, and as to who com-- posed it, and was informed by both that the partners compos- ing the said firm were Scheid, Backus and Buchter. This in- formation was immediately communicated by Boice to said commercial agency. The business of said commercial agency was for the purpose of supplying information to its members of the financial standing of business men throughout the·

United States; and it had branch offices or agencies at various points in the United States, including Indianapolis, Indiana, and Baltimore, Maryland, at which last-named place the plaintiff was engaged in business. When Boice applied, as before stated, for information as to the standing and membership of the firm of John Scheid & Co., he told said Scheid and Backus that he wanted said information for said commercial agency. Neither Scheid, Backus nor Buchter were members or correspondents of said commercial agency, nor did they know its character or extent, nor the use that would or could be made of it, further than such knowledge might be inferred from the name of such agency. Whether or not the plaintiff was a member of said commercial agency does not appear from the evidence.

"On April 3d, 1878, the said firm was dissolved. Immediately after the dissolution Backus and Buchter paid all the outstanding indebtedness, and mailed written notices to all its creditors that the said firm had discontinued business. The firm had never had any dealings with the plaintiff, nor bought any goods in Baltimore. After the said dissolution of the firm, said John Scheid continued to do business at the old stand, and to use the old firm name of John Scheid & Co. in his purchases, and upon his letter and bill heads, but doing this without the consent or acquiescence of either Backus or Buchter.

"On May 24th, 1878, said John Scheid mailed a letter to this plaintiff, ordering the goods as mentioned in the bill of particulars filed with the complaint herein; this letter was signed by him 'John Scheid & Co.' On receiving this letter plaintiff enquired at the office of the 'Bradstreet Commercial Agency,' in Baltimore, as to the firm of John Scheid & Co., and was informed that the said firm was good, and was composed of John Scheid, William Backus and Theodore Buchter. After getting this information, and upon the faith of it, the plaintiff sent, on May 27th and May 28th, 1878, the goods ordered, which were duly received by said John Scheid. Said Backus

and Buchter knew nothing of the order for or of the shipment of the said goods. There is still due and unpaid upon the principal of said account (and not including the interest) the sum of $202.17.

"Upon the foregoing facts, the court states the following conclusions of law:

"*First.* That the plaintiff is entitled to recover of and from the defendant John Scheid, the sum of $202.17, together with interest thereon, at the rate of six per cent. per annum, from June 28th, 1878.

"*Second.* That the defendants Backus and Buchter are not liable, nor is either of them, upon the ground of having held themselves out to the plaintiff, or to the public, as partners of said firm.

"*Third.* That the defendants Backus and Buchter, so far as the plaintiff was concerned, were not bound to give any further notice of the dissolution of the firm of John Scheid & Co. than that which was given.

"*Fourth.* That the foregoing facts are not sufficient to constitute any cause of action in favor of the plaintiff, as against the said defendants Backus and Buchter."

The question for decision may be thus stated: Do the facts found by the court show that such reasonable and public notice was given of the dissolution of the firm of John Scheid & Co., and of the retiring of the appellants from the firm, as would absolve the appellants from liability for debts subsequently contracted in the name of the firm, by the managing partner, carrying on the same business, at the same stand, and in the same firm name, to and with persons not previously dealers with the firm, but having knowledge of its existence, without notice of its dissolution? We are of the opinion that this question must be answered in the negative. The court found, that, upon the dissolution of the firm, the appellants paid all its outstanding indebtedness, "and mailed written notices to all its creditors that the firm had discontinued business." These written notices of the dissolution

of the firm, addressed to individual creditors, can not be regarded as equivalent to public notice. The court did not find that any other notice was given, and it must be assumed, therefore, that no public notice of any kind was given, of the dissolution of the firm or of the retiring of the appellants from the firm.

It is said that, in order to render a retired partner liable to those having subsequent dealings with his successors in business, these three facts must be shown to exist: 1. The subsequent dealer must, at the time he dealt with the firm, have known of the existence of the former partnership; 2. That he did not know of the dissolution of such partnership at the time he dealt therewith; and 3. That his dealings were had, as he supposed, with the partnership, upon the faith and credit of all the partners. Wade's Law of Notice, section 489; *Pratt* v. *Page*, 32 Vt. 13. These three facts are all found to have existed and concurred in the appellee's dealings with the firm of John Scheid & Co., in the court's special finding of facts in the case at bar. In *Edwards* v. *McFall*, 5 La. An. 167, it was held by the Supreme Court of Louisiana, that, where A. and B. transact business under the firm name of A. & Co., B. can not be considered as a dormant partner; and if he retires from the firm he is bound to give notice of his retiring, or he will remain liable for the contracts subsequently made in the name of the firm. In *Southwick* v. *McGovern*, 28 Iowa, 533, it was held by the Supreme Court of Iowa, that a retiring partner, in order to protect himself from liability for purchases made by the remaining partner, in the name of the firm, after its dissolution, of parties who knew of the prior existence of the partnership, and did not know of its dissolution, must have given notice by public advertisement of such dissolution. The court said: "The prior existence of the firm and plaintiffs' knowledge thereof having been established, defendant can only be discharged from liability—plaintiffs having no knowledge of the dissolution of the firm—by

proving that after the dissolution and before the debts were contracted, he caused notice thereof, by public advertisement, to be published in the usual way and to the usual extent. This is unquestionably the rule of the authorities." Citing Pars. Part. 413; 1 Lind. Part. 419; 2 Lind. Part. 411; 2 Collyer Part., sec. 535, *et seq.; Martin* v. *Searles,* 28 Conn. 43; *Goddard* v. *Pratt,* 16 Pick. 412; *Davis* v. *Allen,* 3 N. Y. 168; *City Bank, etc.,* v. *McChesney,* 20 N. Y. 240; *Bristol* v. *Sprague,* 8 Wend. 423; *Lansing* v. *Gaine,* 2 Johns. 300 (3 Am. Dec. 422); *Ketcham* v. *Clark,* 6 Johns. 144 (5 Am. Dec. 197). The court adds: "The reason of this rule is apparent. It is the duty of the retiring partner to make known, in the most public manner, the dissolution of the firm. This he should do that credit may not be extended to the firm on his account. In this he may protect those who have subsequent dealings with the firm, when otherwise they could have no protection, and the law requires it of him."

So, in *Uhl* v. *Harvey,* 78 Ind. 26, this court held that, where a member of a partnership retires from a firm, he owes a duty on retiring to give notice thereof, not merely to former customers but to the public, in order that future credit may not be given to the firm on his supposed responsibility. The principle upon which the liability of the retiring partner rests in such a case is his negligent conduct in forbearing to give public notice, and the consequent ignorance of the world of the fact that a dissolution has taken place; and, for this reason, such retiring partner will be liable upon the contracts of the remaining partners, entered into in the name of the firm, even with parties having knowledge of the former partnership, whose dealings with the firm began subsequently to its dissolution, but without notice thereof.

Under the law as we have stated it, and upon the facts specially found by the court in this case, there is no room for doubt, as it seems to us, in regard to the appellants' liability for the debt in suit. The appellee had knowledge of the former partnership of John Scheid & Co., and that the appellants

were members of that firm. It is unimportant in what manner the appellee acquired such knowledge; if his knowledge was such as to raise a reasonable belief of the existence of the partnership, and that the appellants were members of the firm, it was sufficient, no matter how or whence he derived such knowledge. It has been held that knowledge derived from public notoriety is sufficient. *Carter* v. *Whalley*, 1 B. & Ad. 11; *Bernard* v. *Torrance*, 5 Gill & J. 383; *Halliday* v. *McDougall*, 20 Wend. 81. "Undoubtedly what might properly be termed hearsay evidence, as the declaration of one individual personally cognizant of the fact, or the records of a mercantile agency as to the existence of a firm, in many cases would be more satisfactory evidence to a business man than public notoriety." *Southwick* v. *McGovern, supra.*

The facts found by the court fail to show that the appellants gave public notice of the dissolution of the firm of John Scheid & Co., and of the fact that they had retired from said firm; and for and by reason of their negligent conduct in this regard, we are of the opinion that, upon the facts found, they must be held liable to the appellee for the debt in suit.

It follows that the court at special term erred, as we think, in its conclusions of law; and that the court in general term committed no error in reversing the judgment rendered at the special term.

The judgment of the general term is affirmed, with costs.