Strecker *et al. v.* Conn.

No. 9,070.

## STRECKER ET AL. *v.* CONN.

PRACTICE.—*Demurrer.*—*Defect of Parties.*—A demurrer for a defect of parties can be sustained only when such defect is apparent in the complaint; otherwise the question must be presented by answer.

SAME.—*Answers to Interrogatories.*—Answers by a jury to interrogatories are to be considered as an entirety; and judgment should be rendered on the general verdict, unless such answers are irreconcilable therewith.

PARTNERSHIP.—*Evidence.*—*Contract of Copartnership.*—In an action against the members of a partnership, the original articles of copartnership are admissible in evidence against one becoming a member of such firm subsequent to its formation.

SAME.—*Liability of One Holding Himself Out as Partner.*—*Estoppel.*—One who knowingly permits himself to be held out to the world as a partner precludes himself from asserting, as against a party contracting with the firm in the belief that he is a partner, that he is not in fact a member of the copartnership, and it is not necessary for the party seeking to bind such partner to show that he gave credit to the firm on account of such partner's financial ability.

SAME.—*Notice of Withdrawal of Member.*—A member of a copartnership must, on his withdrawal therefrom, in order to shield himself from liability to one who gives credit to the partnership in the belief that he is still a member, give general notice thereof; former customers of the firm are entitled to actual personal notice.

SAME.—*Question of Fact.*—The notice which a retiring partner is required to give must be a reasonable one, and whether such an one is so given is a question of fact for the jury.

SAME.—*General Notoriety.*—Where no notice of the withdrawal of a member from a partnership is publicly given, the retiring member can not escape liability for a firm debt to one who had no actual notice thereof, but who had previous knowledge of the persons composing the firm, from the mere fact that his withdrawal was of general notoriety.

PRACTICE. —*Non-Joinder of Co-obligor.*— *Waiver.*—Where one jointly liable with another goes to trial without answering the non-joinder of a co-obligor, he can not, after verdict, raise that question.

From the Pulaski Circuit Court.

*D. P. Baldwin* and *D. D. Dykeman,* for appellants.

*S. T. McConnell* and *T. J. Tuley,* for appellee.

ELLIOTT, J.—It is only where a defect of parties appears on the face of the complaint that a demurrer for that cause will lie; in other cases the question must be presented by answer.

Answers returned by a jury to interrogatories addressed to them are to be taken together, and not separately.

Judgment will always be pronounced upon the general verdict, unless the findings in the answers to the interrogatories are utterly irreconcilable with the general verdict.

In the present case, the general verdict was for the appellee, and the question first presented in argument is, whether the answers to interrogatories entitled the appellant to a judgment notwithstanding the general verdict. Taking the answers as an entirety, there is no invincible repugnancy between them and the general verdict, and the court below did right in denying appellants' motion for judgment upon them.

Contradictory answers may nullify each other, but they do not overturn the general verdict. It is only where the facts stated in the answers affirmatively make a case against which the general verdict can not stand, that judgment will go upon the answers; this result does not follow where the findings are contradictory and self-destructive.

Appellant Strecker became a member of the partnership known as the People's Bank; the partnership had existed for some time prior to the time the appellant entered it, and had been doing a general banking business. On the trial the appellee was permitted to give in evidence the original articles of copartnership executed before appellant became a partner. In this there was no error. This instrument was relevant and material, for it tended to show the character of the business of the partnership into which Strecker entered, and the duties and obligations of the partners.

It is contended that the bill of exceptions is not properly in the record, and there is ground for this contention; but, as there seems to be some confusion and some misunderstanding as to the effect of an agreement made between counsel, we have deemed it proper to consider the bill as if properly filed.

If one knowingly permits himself to be held out to the world as a partner, he becomes liable to those who deal with the firm in the belief that he is a partner, as fully as if he

were in fact a partner. It is not necessary for the person asserting the claim to show, as counsel contend, that he gave special credit to " the financial ability " of the one so held out as a partner. A person who suffers himself to be placed before the world as a partner precludes himself from asserting, as against third persons, that he was not in fact a member of the partnership. *Uhl* v. *Harvey,* 78 Ind. 26.

One who has been a member of a partnership, and has been so advertised to the world, owes it to the community to give notice of his withdrawal from the firm; failing in this, he stands bound to those who, in the belief that he is still a member of the partnership, give it credit. This duty to give general notice is due to the public, it is not confined solely to former customers of the firm; former customers of the firm are entitled to actual personal notice. *Backus* v. *Taylor,* 84 Ind. 503; *Uhl* v. *Harvey, supra; Southwick* v. *McGovern,* 28 Iowa, 533; *Ketcham* v. *Clark,* 6 Johns. 144; S. C., 5 Am. Dec. 197.

Where no notice of withdrawal is publicly given, and no actual notice of that fact is brought home to one who had previous knowledge of the persons composing the firm, the retiring partner can not escape liability upon the sole ground that it had become matter of general notoriety that he had withdrawn. The fact that the withdrawal was generally known in the community may, perhaps, be considered in conjunction with other evidence as tending to charge those dealing with the partnership with notice of the withdrawal; but the mere fact that the withdrawal was a matter of general notoriety will not supply the place of public notice, where there is no visible change in the business, in the title of the firm, or in its advertisements. *Pitcher* v. *Barrows,* 17 Pick. 361; *Holdane* v. *Butterworth,* 5 Bosw. 1; *Gorham* v. *Thompson,* 1 Peake (3d ed.), 60; *Graham* v. *Hope,* 1 Peake (3d ed.), 208, n.; *City Bank, etc.,* v. *McChesney,* 20 N. Y. 240; *Lovejoy* v. *Spafford,* 93 U. S. 430. It was said by Chief Justice SHAW, in *Pitcher* v. *Barrows, supra:* " Mere notoriety may exist, and yet the party dealing with such firm may not be acquainted with it;

and where it is in the power of one party, and his duty, to give public and explicit notice of a fact affecting the rights of others, and he does not do it, it ought not to be assumed upon doubtful grounds of presumption." The case from which we have quoted goes so far·as to deny the competency of evidence of notoriety, but upon that point the authorities are in conflict; we,·however, are not required to give an opinion upon that precise point, and, therefore, intimate none.

The notice which a retiring partner is required to give must be a reasonable one, and it was proper to submit the question, whether a reasonable notice was given by appellant, as one of fact, to the jury.

We do not think it necessary to decide the question whether, where the contract of partnership expressly stipulates that the withdrawal of a partner shall not dissolve the firm, it is nevertheless dissolved by such withdrawal; for, if it be conceded that the court was in error on this point, it is still very clear that no harm resulted to the appellant.

The evidence supports the verdict. If one jointly liable with another, or others, goes to trial without answering the non-joinder of his co-obligors, he can not after verdict raise that question.

Judgment affirmed.