Moffitt v. Roche et al.

Filed Dec. 14, 1883.

———————

No. 7083.

MOFFITT v. ROCHE ET AL.

PROMISSORY NOTE.—Partnership.—Pleading.—Partners' Authority to Bind Each Other.—To a suit against partners upon a promissory note by the payee, an answer by one that his copartner, without his consent, executed the note in the firm name, of which the plaintiff, at the time, had notice, is bad on demurrer. Aliter, if it be averred that the defendant, at the time of the execution of the note, did not consent and objected thereto, of which the plaintiff then had notice.

Moffitt *v.* Roche *et al.*

SAME.—*Interest.— Usury.*—An answer to a suit on a promissory note, alleging that it was given for interest on other notes which were drawing interest at the highest rate allowed by law (ten per cent.), does not show usury.

From the Huntington Circuit Court.

*W. H. Trammel* and *T. L. Lucas,* for appellant.

*L. P. Milligan* and *A. Moore,* for appellees.

FRANKLIN, C.—John Roche sued Patrick W. Moffitt and Thomas Roche on six several promissory notes.

The defendant Roche was defaulted.

Moffitt appeared and defended; and after filing a demurrer to each paragraph of the complaint, which was overruled, he filed an answer in several paragraphs. A demurrer was sustained to the second paragraph of the answer. This paragraph of the answer was pleaded to the fifth paragraph of the complaint based upon a note for $1,705.34. It admitted the execution of the note by his co-defendant Thomas Roche, and averred that " the same was so executed by his co-defendant without his (this defendant's) consent, of which plaintiff at the time had full knowledge." It then attempts to set up that the note was given for usurious interest.

This paragraph of answer does not allege that this defendant made any objection to the execution of the note, of which the plaintiff then had knowledge, nor does it allege that the plaintiff had any knowledge of the defendant Thomas Roche's want of authority, at the time, to execute the note in the firm name. They were partners, and, ordinarily, it is not necessary that one partner shall give his consent, in order to bind the firm, by the other partner's executing a note in the firm name for a partnership debt. The law presumes such authority from the existence of the partnership, without the affirmative consent of the other partner. Story Part. (5th ed.), p. 176, section 103; *Wilkins* v. *Pearce,* 5 Denio, 541; *Sage* v. *Sherman,* 2 N. Y. 417.

This averment in the answer of mere want of consent to

the execution of the note, we think is insufficient to constitute a defence to the action on the note.

As to the charge of usury in the paragraph, the allegations that the note was given for interest on the other notes, and that they were drawing ten per cent. interest, are not equivalent to saying that the interest for which the note was given was over and above the interest that the other notes were bearing; it might have been for the same interest, and no usury whatever in the transaction, or for the interest legally due on the other notes at the date of this note, and that this note was given for the purpose of putting such interest on interest, or to maintain an action for the interest without suing upon the other notes. We do not think that this part of the paragraph is explicit enough to sufficiently allege usury. And although the paragraph is double, intended to contain two defences, there was no error in sustaining the demurrer to it.

There is a third paragraph of answer that sets up the want of authority in Thomas Roche to execute the notes, stating it more specifically, and alleging that this defendant never executed the said notes sued on in the fifth and sixth paragraphs of the complaint, or authorized any one to execute them for him; and that he objected to his co-defendant so executing them, of which fact plaintiff, at the time of the execution of said notes, had full knowledge; which paragraph was duly verified.

A demurrer was overruled to this paragraph, and the plaintiff replied, admitting that said defendant objected to the giving of the notes, and averring that they were partners, doing business under the firm name of Moffitt & Roche; that he had settled with the firm, and that Roche was the book-keeper and transacted the business of the firm, and, as he then and now believes, had authority to execute said notes, and that he regarded the objection of said Moffitt as waived.

A demurrer was overruled to this paragraph of the reply, upon which ruling appellant has assigned error.

We think this specification of error properly presents the question insisted upon by appellant in his brief, and that is, that one partner, over the objections of the other partner, can not execute a partnership note that will bind the objecting partner, the payee of the note, at the time of its execution, having knowledge of such objection.

Story on Partnership (5th ed.), pp. 205–8, in speaking of a majority of partners, says:

"Where there are but two persons in the firm, and they dissent from each other, it would seem a just result, that it amounts to a temporary suspension of the right and authority of each to carry on or manage the partnership business, or dispose of the partnership property, in respect to all persons having notice of such disagreement."

And in treating of the liabilities and exemptions of partners as to third persons, he says, in section 128 : " Every contract in the name of the firm, in order to bind the partnership, must not only be within the scope of the business of the partnership, but it must be made with a party who has no knowledge, or notice, that the partner is acting in violation of his obligations and duties to the firm, or for purposes disapproved of by the firm, or in fraud of the firm. For every such contract, made with such knowledge or notice, will be void as to the firm, however binding it may be upon the individual partner making it."

The same author adds, in the 130th section: " The cases have gone yet further ; and it has been held, that where a note has been made or endorsed by a partner, in violation of his duty and authority, if the holder, who receives it, has been guilty of gross negligence in receiving it, it will not be binding in his hands upon the partnership." See authorities cited in the notes following:

In Gow on Partnership, p. 70, the author says: " On the subject of negotiable instruments it remains to be observed, that even in transactions in which all the partners are interested, the authority of one partner to make, draw, accept or endorse

promissory notes or bills of exchange in the joint names to charge his copartners is only implied, and may therefore be rebutted by express previous notice, to the party taking a joint security from one partner, that the others will not be liable upon it. Such a power is not indispensably essential to the existence of a partnership; * * * much less can he hold the firm responsible on a security so obtained, if he takes it in defiance of a positive notice, previously given by one of the members, that he will not be answerable for any bill or note signed and negotiated by the others."

Parsons on Partnership (2d ed.), p. 99, says: "This authority of each partner is only an implied one. It is a fair inference from the fact of partnership; it is an inference from the reason of the thing as well as from the rules of law. But it is an inference which can not be made when the partners disclaim it, honestly, in a reasonable way, and by act as well as word. Hence if the act of a partner be forbidden by his copartners, and notice is given to the person with whom he deals, he no longer acts as their agent, and his act is only his own." See the case of *Yeager* v. *Wallace,* 57 Pa. St. 365, and the authorities therein cited.

Parsons on Contracts, vol. 1, p. 180, says: "It seems to be settled that a partner may dissent from a future or incomplete contract, and that a third party having notice of such dissent could not hold the dissenting partner, without evidence of his subsequent assent or ratification."

See, also, Bishop on Contracts, section 393, wherein he says: "As to third persons, a single partner can alone bind the firm by any simple contract within the sphere of its operations, as presented to the public. But, as between its members, the authority may be withheld, or it may be revoked by a dissenting member; and then a third person, who has notice of this, can not make with the disqualified partner a contract by which the firm will be bound." See authorities therein cited.

The reply in this case admits that this defendant objected to the giving of the notes at the time of their execution.

Plaintiff's then and present belief that the other partner had authority (in the face of all authority being withdrawn) to execute the notes, and that he regarded the objection as waived, without any act or word being done or said having any tendency to waive it, and without its ever afterwards being assented to or ratified by this defendant, does not make a good reply to the answer. The court below erred in overruling the demurrer to this paragraph of reply.

Appellee has filed no brief, and we have disposed of all the questions discussed by appellant in his brief. We will therefore not consider the other specifications of error.

The judgment of the court below ought to be reversed, for the error in overruling the demurrer to the special paragraph of the reply.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and it is in all things reversed, at the costs of appellee, and that the cause be remanded to the court below, with instructions to sustain the demurrer to the special paragraph of the reply, and for further proceedings in accordance with this opinion.

Filed Dec. 13, 1883.