Filed Feb. 14, 1885.

---

No. 10,993.

## IDDINGS *v.* PIERSON ET AL.

PARTNERSHIP.—*Notice of Dissolution.—Promissory Notes.*—After the dissolution of a partnership, if one partner executes a note in the individual names of both partners (not the firm name), for goods in the line of the partnership business, sold and delivered to him on the firm's credit by one who had dealt with the firm, and had no knowledge of the dissolution, no notice thereof having been given, the note will bind both.

From the Hendricks Circuit Court.

*T. Hanna* and *S. A. Hays*, for appellant.

*C. L. Stanley* and — *Talbott*, for appellees.

COLERICK, C.—This action was brought by the appellant against the appellees upon a note alleged to have been executed by them to him. The appellee Pierson submitted to a default, and the appellee Greenlee filed an answer in one paragraph, in which he denied, under oath, the execution by him, or by any other person authorized to act for him, of the note sued upon. The case was tried by a jury, and resulted in the rendition of a verdict in favor of the appellant against Pier-

son for the amount of the note, and in favor of Greenlee. The appellant moved the court for a new trial as against Greenlee, which motion was overruled, and thereupon a judgment was rendered in accordance with the verdict. From the judgment rendered in favor of Greenlee the appellant has appealed to this court. The only error assigned is the overruling of the motion for a new trial. The reasons alleged in support of the motion were, that the verdict as to Greenlee was not sustained by sufficient evidence, and that the court below erred in giving and refusing certain instructions, and in admitting and rejecting certain evidence, which instructions and evidence are specified in the motion.

It appears by the evidence, which is in the record, that prior to the execution of the note sued upon, the appellees were partners in the mercantile, grain and cattle business, and that the note was given for grain or cattle sold by the appellant after the dissolution of the partnership, and delivered by him to Pierson, who then alone was carrying on the business. The note was prepared and delivered by Pierson, who signed his own name thereto, as well as that of Greenlee. It was not executed in the name of the firm, but in the names of the members thereof. The appellant sought to hold Greenlee liable on the note, on the ground that no notice of the dissolution of the firm had been given, and that appellant, who was a former customer of the firm, did not know, at the time of the sale of the property and the execution of the note, that the firm had been dissolved, and that Greenlee had retired therefrom as a member, but supposed and believed that he was still a member, and evidence to establish these facts was introduced by him on the trial.

The court refused to give to the jury, at the request of the appellant, the following instruction:

" When a partnership is formed for an indefinite period, it is supposed to continue as to persons having dealings with such partnership until they have legal or actual notice of its dissolution. And if you find from the evidence that defend-

ants, prior to the execution of the note in suit, were partners, and that plaintiff, prior to that time, had dealings with them, with notice that they were partners, and if you find that the plaintiff, not having notice of the dissolution of such partnership, sold cattle and wheat, or either of them, and delivered the same to defendant Pierson, believing at the time that he was dealing with said firm, and on the faith and credit of said firm, the defendants would both be liable to plaintiff for such articles, and if in settlement of said debt the defendant Pierson executed the note in suit and signed his own name and the name of the defendant Greenlee, then both defendants would be bound thereby, and you should find for the plaintiff, if the purchase of such articles of cattle or wheat was in the line of the business carried on by said firm, and plaintiff, at the time of the execution of said note, had no notice of any dissolution of said firm."

The court erred in refusing to give this instruction. The law applicable to the facts in the case, as claimed by the appellant, and which the evidence introduced by him tended to establish, is correctly stated in the instruction, and was not covered by, nor embraced in, any instruction given to the jury.

In order "To establish the liability as partners of defendants who have dissolved partnership, it must appear: 1, that the plaintiff, at the time the contract was made under which his account accrued, knew that the defendants had been in partnership; 2, that he was ignorant of their dissolution; and 3, that he made the contract supposing he was contracting with the defendants as partners, and in reliance upon their joint liability." 1 Lindley Part. 407, note. *Pratt* v. *Page,* 32 Vt. 13; *Benton* v. *Chamberlain,* 23 Vt. 711; Wade Law of Notice, sec. 487.

The necessity imposed by the law upon the appellant of establishing, by proof, the three facts above alluded to, with others, to entitle him to recover against Greenlee on the note, was clearly and explicitly stated in the instruction.

In *Hunt* v. *Hall,* 8 Ind. 215, it was said by this court:

Iddings *v.* Pierson *et al.*

" The rule is, that ' all the partners may be bound after the dissolution of the partnership, by a contract made by one partner, in the usual course of business, and in the name of the firm, with a person who contracted on the faith of the partnership, and had no notice of the dissolution.' " The rule, as stated in the case last cited, was also recognized and reiterated by this court in the cases of *Stall* v. *Cassady*, 57 Ind. 284, *Uhl* v. *Harvey*, 78 Ind. 26, and *Backus* v. *Taylor*, 84 Ind. 503.

If the note mentioned in the instruction was given under the circumstances therein mentioned, Greenlee, as well as Pierson, was bound by it. A note given within the scope of the business of a partnership by one of the partners, in the names of all the partners, binds all of them, because partners are mutual agents of each other in all things relating to the partnership business. *Maiden* v. *Webster*, 30 Ind. 317. See, also, *Caldwell* v. *Sithens*, 5 Blackf. 99; *Nelson* v. *Neely*, 63 Ind. 194; *McGregor* v. *Cleveland*, 5 Wend. 475. But a note given by one partner in opposition to the dissent of his copartners, manifested before or at the time of its execution, of which the payee of the note at the time of its delivery had knowledge or notice, will not bind the partner so dissenting, without evidence of his subsequent assent or ratification. See *Moffitt* v. *Roche*, 92 Ind. 96. A retiring partner, who desires to avoid liability for future debts of the new firm, which may be contracted by it, must cause notice of his retirement to be given. *Stall* v. *Cassady*, *supra*. As stated in *Uhl* v. *Harvey*, *supra*, " The only just rule is an absolute requirement that the retiring partner shall give proper notice of his withdrawal, and, failing to do so, from whatever cause, must suffer the consequences." If no such notice is given, he will be liable for the subsequent contracts of the partnership made with one who knew of the former existence of the firm, and did not know of his withdrawal at the time of the contract, and made such contract upon the faith and credit of all the partners. *Backus* v. *Taylor*, *supra*.

For the error of the court in refusing to give this instruction the judgment must be reversed.

In view of the conclusion reached by us, it is unnecessary to consider the other questions presented for our consideration, as they may not arise on another trial of the action.

PER CURIAM.—The judgment of the court below is reversed, at the costs of the appellee Greenlee, and the cause is remanded, with instructions to the court to sustain the motion for a new trial as to Greenlee, and for further proceedings in accordance with this opinion.

