Nov. Term,
1839.

EARL
v.
HURD.

EARL *v.* HURD.

A dedimus to take depositions, directed to any justice of the peace (not naming him) in a specified county in another state, is good; and the certificate of the justice who takes the depositions, stating himself to be a justice of the peace of the county and state named in the dedimus, is a sufficient authentication.

It is no objection to the admission of depositions in a chancery suit certified to this Court, that they were taken before the removal of the suit.

Evidence of what a deceased witness swore to on a former trial, is only admissible where that trial was between the same parties that are concerned in the subsequent suit.

The existence of a partnership between the parties cannot be proved by reputation.

*Saturday,
December* 21.

Suit in chancery certified from the *St. Joseph* Circuit Court.

BLACKFORD, J.—This is a motion by the defendant to suppress certain depositions of the complainant.

The depositions of *Wiley* and *Lane* were taken under a dedimus directed "to any justice of the peace in *Washtenaw* county, state of *Michigan;*" the name of the justice not being stated. The depositions are certified by *Chauncey Knapp*, stating himself to be a justice of the peace of the county and state mentioned in the dedimus. The objection is, that it does not sufficiently appear that *Knapp* is a justice. The statute says, "that when a dedimus potestatem shall issue from any Court in this state, directed to any justice of the peace in any other state, authorizing him to take depositions to be read in evidence in any suit depending in said Court, the certificate of such justice, officially certifying the taking of the same, shall be a sufficient authentication." R. Stat. 1838, p. 452. We consider the dedimus in this case, though it does not state the name of the justice, to be authorized by the statute; and the authentication, which is such as the statute prescribes, must be sufficient.

The deposition of *Whiteman* is objected to on the ground that it was taken before the suit was certified to this Court. We think that whatever depositions were admissible in the Circuit Court, whilst the suit was pending there, may be read here. The objection is without foundation.

It is stated in the depositions of *Johnson* and *Liston*, that the deponents were present at the trial of a suit, in which one *Vaughan* was plaintiff, and the present complainant, *Earl*, was defendant, and that *Yerrington* was a witness in that cause ; and the depositions state the testimony of that witness respecting a partnership between the parties in the present suit. *Yerrington* was dead when the depositions were taken. These depositions are objected to as hearsay testimony. Their admission is advocated on the ground, that *Yerrington's* statements were under oath, and that he is dead. Evidence of what a deceased witness had sworn to on a former trial, is only admissible where that trial was between the same parties who are concerned in the subsequent suit. One good reason for thus restricting this rule of evidence is, that the party against whom the testimony is offered, should have had an opportunity to cross-examine the witness. 1 Phill. Ev. 230. Here, in a suit against *Hurd*, *Earl* offers depositions as to the testimony given by a witness in a former suit, though *Hurd* not being a party to that suit, had no opportunity to examine the witness. The depositions respecting the testimony of *Yerrington* are therefore suppressed.

The other depositions objected to tend to prove, by reputation, the existence of a partnership between the parties. We are of opinion that such testimony is inadmissible to prove a partnership. There are a few matters, such as pedigree, that may be proved by reputation; but the fact of a partnership is not within the exceptions to the rule against the admission of hearsay evidence. The objection to these depositions is sustained (1).

(1) Accord. *Bryden* v. *Taylor*, 2 Harr. & Johns. 396.—*Brown* v. *Crandall*, 11 Conn. R. 92.—*Scott* v. *Blood*, 16 Maine R. 192.—*Halliday* v. *M'Dougall*, 20 Wend. 81. S. C. 22 Wend. 264.