Dewey, J.
Assumpsit upon the money counts and for interest in arrear. Pleas, the general issue, and four, special pleas. To the third plea there was a demurrer, which was correctly sustained. The other pleas led to issues of fact. Verdict and judgment for the plaintiff below.
Before the trial commenced, the defendant moved the Court to suppress the deposition of Gustavus Swan, which had been filed by the plaintiff. The motion was overruled, and the deposition read to the jury. It was taken by a justice of the peace pursuant to a dedimus directed “to any justice of the peace, or notary public,” &c, The justice certified that he was a justice of the proper county in Ohio, where the deposition was taken, and signed the certificate thus, “Thomas Wood, justice of the peace in and for said county.”
It is objected that this authentication is not sufficient, first, because the name of the justice is not given in the dedimus; and, secondly, because his certificate is without a seal. These objections were correctly overruled. It is not necessary that a *382 justice, before whom a deposition is taken in another State, should be named in a dedimus, in order to render his official certificate of the taking of the same, a valid authentication. Earl v. Hurd, 5 Blackf., 248. Nor is a seal necessary for that purpose. The statute only requires the justice to certify officially to the taking of the deposition before him. R. S., 1838, p. 452. We do not know that a seal is an appendage of the office of the justice of the peace in Ohio; and can not, therefore, say that the certificate in question, which states Wood to be a justice, and is signed by him in that capacity, is not official.
There is, however, a fatal objection to Swan's- deposition. He swears to the copy of a bill of exchange, the absence of the original not being legally accounted for; also to the institution of a suit, and the rendition and contents of a judgment *rendered by a Court in Ohio. His deposition, at least so far as these matters are concerned, should have been suppressed. . The bill of exchange should have been produced in Court, or its absence accounted for, and the suit and judgment should have been proved by an exemplification of the record.
The defendant also moved to suppress three other depositions, taken before a notary public in Ohio. The motion was overruled. This was erroneous. The law gives no authority to issue a dedimus, in an action already commenced, to any officer out of the State other than a justice of the peace. Rev. Stat., 1838, p. 452. Though a person who expects to become a party to a suit, may procure a dedimus directed to any officer authorized by the laws of his own State, to take a deposition. R. S., 1838, p. 272. Besides, the statute requires all authentications made by domestic or foreign notaries public to be under their official seals. R. S., 1838, p. 274. The certificate of the notary in the present instance does not appear to have a seal. The depositions of Bowland and Hunter, two of the three last named, are also objectionable as containing secondary evidence. They give the contents of written instruments without accounting for the absence of the originals.
H. P. Biddle and H. Chase, for the plaintiff.
W. Wright, for the defendant.
Per Curiam.—The judgment is reversed with costs. Cause remanded, &c.