## CREGLER *v.* DURHAM.

A party raising an objection in the Court below, cannot substitute a different objection for it in this Court.

Where one of two partners has retired from the firm, and, though a dormant partner, he was known to many as one of the firm, he will not, by failing to give notice of his retirement, become liable to a creditor of the remaining partner, if such creditor, at the time of his contract, was ignorant that he was a partner; and whether he was or was not so ignorant, would be a question for the jury.

Nov. Term,
1857.

CREGLER
v.
DURHAM.

Monday,
November 23.

A partnership formed by parol may be dissolved by parol; and joint parol declarations of the partners to third parties are admissible in evidence to prove the dissolution, though they are not conclusive.

Their declarations and acts touching the subject, are continuous *res gesta*.

APPEAL from the *Marion* Circuit Court.

PERKINS, J.—*Cregler* sued *Durham* and *Anderson* on a note reading thus:

" *Cincinnati, March* 9, 1852. Six months after date we, or either of us, promise to pay, to the order of *M. F. Cregler*, 391 dollars and 14 cents, for value received. *Anderson* and *Durham*. $391.14."

*Anderson* was not found. *Durham* answered, denying any indebtedness to *Cregler*, and denying the execution of the note.

Replication, that he was liable as a partner of *Anderson*, who executed the note.

Trial by jury, verdict for the defendant, and judgment on the verdict.

The facts appearing by the pleadings and special verdict are, that *Durham* and *Anderson* went into partnership in a small store in *Indianapolis*, in the fall of 1851, *Anderson* being the active partner. No sign was put up of the firm name, nor does it appear that it was ever advertised. The partnership seems to have been formed by parol agreement. The goods for the store were obtained in *Cincinnati*, but of whom does not appear. On the 2d of *March* following, the partnership was dissolved by mutual consent, and, so far as appears, by parol agreement, no notice thereof being advertised in any newspaper.

On the 9th of *March*, a week after the dissolution, *Anderson* went to *Cincinnati*, and bought of the plaintiff a new stock of goods, of the same character of those in which he and *Durham* had been dealing, and gave for them the note in suit. *Cregler*, the plaintiff, had no previous knowledge of the existence of the firm of *Anderson* and *Durham*.

The Court instructed the jury that if they believed the facts to be as above stated, the plaintiff could not recover, he not having proved to their satisfaction that he had pre-

Nov. Term,
1857.

CREGLER
v.
DURHAM.

vious knowledge of *Durham's* having been a member of the firm.

Counsel object to the instruction in this Court, because, they say, it required too high a degree of proof of notice; that proof to the satisfaction of the jury is conforming to the rule in criminal cases of proof beyond doubt, instead of the rule in civil cases, of preponderance of evidence. But the answer to this objection, if indeed the objection really adopts a fair construction of the language of the instruction, is, that it is not the objection which was made below, as is plain from the instruction asked in place of that given. The point upon which the case was made to turn there, was that the plaintiff need not prove any notice or information at all; that *Durham* was liable simply as a retiring partner who had failed to give notice of his retirement. Had the counsel asked a qualification, such as they now contend for, it would doubtless have been given, but would have worked no change in the result of the trial. See, as to this point, *Postlethwaite* v. *Payne*, 8 Ind. R. 104. —*Spivey* v. *The State*, *id.* 405.

Was *Durham*, then, liable upon the facts of the case above stated?

He was not liable as a contracting party, because he was not, in fact, a member of the firm when the contract was made. Hence, he was not a party to it.

If liable at all, then, it must be upon the ground that the plaintiff had a right to treat him as a member, and give credit to him as such. But how does such right appear? Suppose, a year before the partnership was formed, *Anderson* had gone to *Cincinnati* and purchased goods of this plaintiff, giving him a note signed *Anderson* and *Durham*, telling him at the same time that *Durham* was a partner, would it be pretended that *Durham* would have been liable? Certainly not. The plaintiff would have sold the goods upon the confidence he had in *Anderson's* telling the truth—a fact he should, as a prudent man, have inquired into. So, upon the facts appearing in this case, though *Durham* had been a partner for a short time, the plaintiff did not know it. *Durham's* relation as such had ceased

before the goods in question were purchased, and the plaintiff sold the goods, as in the supposed case, upon his confidence in the truth of *Anderson's* representation.

Had this firm ever been advertised in *Cincinnati*, or, perhaps, in *Indianapolis*, so that it might have been presumed to have been known there; or had it been shown to have been a firm of long standing and dealing in *Cincinnati*, or actually to have been generally known there, the case might have been different. But here is a firm, advertised in no mode to the public, not even by a sign upon the door; of short existence; *Durham*, the defendant, not even an active partner; the firm never having, so far as appears, purchased but a single stock of goods, and that, of course, by the active partner, *Anderson*, and, for aught that appears, for cash, so that no disclosure was necessarily made of another member of the firm. In such a case, there can be no presumption of a general knowledge of the firm's existence, in a city more than an hundred miles distant from its location, in another state.

It is admitted that an existing dormant partner, though not known at the time of the contract, may be sued. Can a retired one?

This case must be governed by the rule of law applicable to a dormant partner. That rule is thus laid down in Collier on Partnership, (Perk. Ed. s. 536, top p. 489):

"Even where a person has retired from a firm, who, though intentionally a dormant partner, was known to *many* as a member of the firm, he will not, by failing to give notice of his retirement, become liable to the creditors of the remaining partners, if such creditors, at the time of their respective contracts, were ignorant that he was a partner." And whether they were or not so ignorant, would be a question for the jury. See 7 Blackf. 218; *Hunt* v. *Hall*, 8 Ind. R. 215.

A point remains to be noticed. As tending to prove the fact of a dissolution of the partnership, the statements of the members of the firm, jointly made to third persons, of the fact, were admitted. This is objected to because

the statements were not made in the presence of the plaintiff.

Partnerships formed by parol, may be dissolved by parol agreement. When so dissolved, how may the fact of dissolution be proved? There being no written evidence of it, we do not see how it can be shown, except by the declarations and acts of the parties. Had the parties published a notice in an *Indianapolis* newspaper, of the fact of such dissolution, we suppose it might have been given in evidence, though the plaintiff had never seen it. Yet such a publication would have been but the parol declaration of the parties themselves. If such a publication would have been admissible evidence, why should not their joint declaration, orally made to the public, also be admissible. This plaintiff then stood in no relation to the firm requiring notice. We do not say either of the above items of evidence would be sufficient; it certainly would not be conclusive, but would be admissible as tending to prove the fact. Their declarations and acts, touching the subject, are continuous *res gesta*.

*Per Curiam.*—The judgment is affirmed with costs.

*W. Henderson, S. Yandes,* and *C. C. Hines,* for the appellant (1).

(1) Counsel for the appellant argued three points, citing the following authorities:

1. Touching the admissibility of the parol declarations of the partners to third persons. GREENLEAF says (Ev. vol. 1, s. 110) that "when declarations offered in evidence are merely narration of a past occurrence, they cannot be received as proof of the existence of such occurrence. They must be concomitant with the principal act, and so connected with it as to be regarded as the mere result and consequence of the co-existing motives, in order to form a proper criterion for directing the judgment which is to be formed upon the whole conduct." See, also, *Ellicott* v. *Pearl,* 10 Pet. 412.

2. Touching the charge to the jury, that if they are satisfied, &c. 1 Greenl. Ev. s. 13 *a.* The word "satisfied," misled the jury. See Webst. Dict.

3. It was error to charge that the plaintiff could not recover against the retiring partner, except by showing that the plaintiff's previous knowledge of the existence of the firm arose from direct transactions, or intercourse, or from public notoriety. The plaintiff asked that, if that knowledge existed in the mind of the plaintiff, although derived by other means, it was incumbent on the jury to hold the retiring partner liable, unless he used the reasonable diligence of giving notice to the world, by publication of the dissolution. The

Nov. Term, 1857.

GILLESPIE v. THE STATE.

formation of a partnership, and the publication of the same, is, in itself, notice to all the world of the existence of the partnership, when the names appear in the style of the firm, and no further notice than this is requisite. In *Carter* v. *Whalley*, 1 B. and Adol. 11, LITTLEDALE, J., says : " Now, where all the names in a firm appear, it may be presumed that every one knows who the partners are." See, also, the opinion of PARKE, J., in the same case. In Gow on Partn. (3 Am. ed. p. 248), it is said, "It has, therefore, been held that a firm may be bound after the dissolution of a partnership, by a contract made by one partner in the name of the firm, with a person who contracted on the faith of the partnership, and had not notice of the dissolution. And the principle upon which the responsibility of the retiring partner proceeds, being his negligent conduct in forbearing to give notice, and the consequent ignorance of the world of the fact of a dissolution having taken place, he will be liable for the engagements of the other partners, entered into in the name of the firm, even with a party whose dealings began subsequently to the dissolution of the partnership." See the various cases there referred to. Lord MANSFIELD said : "If partners dissolve their partnership, they who deal with either without notice of such dissolution, have a right against both." Cowp. 445. And in the case of *Le Roy* v. *Johnson*, it is said; "We admit that if one of the partners contracted in the name of his firm, with a third person, after the partnership is dissolved, but that fact not made public or known by such third person, the law considers the contract as being made with the firm, and upon their credit, and this for a reason too obvious to require explanation." 2 Pet. 199. In *Carter* v. *Whalley*, 1 Barn. and Adolph. p. 11, (which is a case most favorable to the appellee) it is said by Judge LITTLEDALE that where all the names in a firm appear, it may be presumed that every one knows who the partners are; but where there is only a nominal firm, as in that case, the fact of such knowledge must be ascertained by express proof. The case of *Parkin* v. *Carruthers*, 3 Esp. N. P. C. 248, is in point. That was a case where the question was doubtless very ably discussed, and in which the retiring partner was held liable to one who had not had prior dealings with the firm, and where the Court laid stress on the fact that the names of all the partners appeared in the style of the firm. In the case at bar, it will be observed that the name of *Durham* appears in the style of the firm, as well as that of *Anderson*. See the point discussed in 3 Kent's Comm., side p. 66, and notes. He says, among other things, that "the weight of authority seems to be that notice in one of the usual advertising gazettes of the place where the business was carried on, and publication in a fair and usual manner, is of itself notice of the fact as to all persons who have not been previous dealers with the partnership." See, also, 2 McLean, 458.