[Filed November 5, 1888.]
## DRUCK, RESPONDENT, v. NICOLAI, APPELLANT.

COUNTER-CLAIM.— While a party may know that the defendant intends to set up a claim against his demand and speak of the fact, and indicate a purpose to provide against it, such statement does not concede the right of the adversary, or tend to recognize the validity of his claim.

AN INSTRUCTION.— "Before you can find for the defendant you must be first satisfied that a warranty was made," is not error.

APPEAL from Multnomah County.

*P. L. Willis*, for Respondent.

*E. Mendenhall*, and *A. F. Sears*, for Appellant.

LORD, J.—This is an action to recover the sum of three hundred and forty-one dollars, with interest and attorneys' fees, founded upon a promissory note made by the defendant to the plaintiff. The answer admits the execution of the note, but alleges that it was given to secure the purchase price of an engine and shaft sold by the plaintiff to the defendant, which the plaintiff warranted would accomplish certain results, and to be worth the sum specified in the note; that the shaft was valueless and the engine was worth only two hundred dollars, and that upon discovering the defects the defendant offered to return the shaft to plaintiff and to pay for the engine, or that plaintiff would replace the shaft and defendant would pay the note. For a further defense, the defendant pleaded the same facts and alleged a warranty, and claimed a large amount of damages by way of counter-claim.

The cause was put in issue by the reply, and upon the trial before a jury the plaintiff had judgment for the amount of the note and interest, from which the defendant has appealed to this court, and has assigned several errors upon which he relies for a reversal of the judgment. The first exception is to the refusal of the court to require the plaintiff, as a witness, to answer whether or not he wanted to buy a note against the defendant to set it off against the damages set up by Nicolai in his answer. It is claimed that the statement contained an admission of a fact

which tended to recognize the validity and existence of the claim or set-off, upon which the plaintiff relies to make out his case. As counsel for the plaintiff say, all that can be implied in the event the question was answered in the affirmative is that the plaintiff then knew that Nicolai, the defendant, would set up the claim which he afterwards did in this case; but whether or not the plaintiff learned this before the defendant filed his answer herein, and that he would so claim in either case, is not apparent or of much consequence. While the plaintiff may have known the defendant intended to set up such a claim accordingly as stated, it by no means followed that he admitted or intended to recognize that his adversary had any claim against him. To state what one may know an adversary intends to do, or has done, and the precautions he may choose to pursue in respect to it, does not suggest that he admits or concedes the right of his adversary. It does not concede the fact or matter upon which the party relies to establish his case. The rule that the admissions of a party are admissible when they afford any presumption against him is not denied, as where the defendant admitted to the officer that the amount upon which he was sued was correct, although it was not shown to him, yet it was held admissible as evidence to go to the jury, for the reason that such admission, although it did not have the effect to establish the amount that was due, yet it necessarily implied or operated to show that something was due. (*Sugar & Bro.* v. *Sackett*, 13 Ga. 462.)

There are two other exceptions to the evidence, one of which need not be considered, as the ground of the exceptions is not disclosed, and in the other the objection is not specific, and in any view could have worked no prejudice. The last exception is to that part of the charge in which the court below instructed the jury that: "Before you can find for the defendant you must first be satisfied that a warranty was made." It is insisted that the word "satisfied" means "free from doubt," and that the instruction in such sense is misleading in requiring the jury to be satisfied beyond a doubt before they can find the existence of the warranty; whereas in civil actions the rule is, and the court

should have so instructed, that a preponderance of evidence would be sufficient to produce the result; in a word, that the court told the jury in effect that you must be satisfied beyond a doubt, when it should have instructed them, that they must be satisfied by a preponderance of the evidence, etc.

The error in this particular is based on the assumption that the court neglected to give the jury the usual preliminary instruction to guide them in the discharge of their duties. Such as, that the jury is the judge of the credibility of the witness, the weight of the evidence, and that in a civil action a preponderance of evidence should affect the balance, etc. Now, this record does not disclose that the court did not instruct them in this regard, and we would hardly be justified in assuming it neglected so important and essential requirement in the discharge of its duties. If the court in giving its instructions stated to the jury, as we know is usually done, the rule as to the preponderance of evidence, it will hardly be contended that it was error because it was not repeated after the word "satisfied," and before we ought to be called upon to consider the sufficiency of this exception, the transcript ought to negative that fact. In respect to instructions upon such matters as are usually given, and in fact are preliminarily a requirement to qualify the jury for an intelligent discharge of their duty before they come to consider the evidence, the record ought to disclose affirmatively they were not given. Besides, we think, as was said in *Cregler* v. *Durham*, 9 Ind. 377, in which the same objection was made to an instruction, "had the counsel asked a qualification, such as they now contend for, it doubtless would have been given, but would have worked no change in the result of the trial."

The judgment of the court below will be affirmed.