# WILLIAM F. MacLENNAN *vs.* YEE CHONG, BISHOP & COMPANY and CECIL BROWN.

## February 16, 1906.

*Dissolution of Partnership—Liability of Retiring Partners after Dissolution for Acts of Continuing Partner in the Absence of Notice of Dissolution:* One partner continuing business, under the firm name, after the dissolution of the partnership, may bind the other partners by acts within the powers of a partner, such as accepting drafts drawn on the firm and making assignments of the personal property of the firm for the payment of such drafts, if the owners and holders thereof are not chargeable with notice, express or constructive, of its dissolution.

*Same—Where Persons Interested in Acts of Continuing Partner are Strangers to the Firm:* In such case, the retiring partners would not be liable for the acts of the continuing partner.

*Assignment of Partnership Property by a Partner as the Property of the Assignor—Intent:* Where a partner continuing business under the old firm name after dissolution, makes an assignment of partnership property describing it as his own property, and afterwards makes another assignment of the same property to the same person in which the assignor is described by the firm name in the body of the instrument, and signs the firm name by his own name as manager and partner, it is apparent that he intended to execute the first instrument as the act of the firm.

*Assignment of Partnership · Property by One Partner—Coercion— Ratification:* Where, after such first assignment, such partner executes a second assignment to another party, ostensibly as the act of the firm, which second assignment contains terms of confirmation of the first, his testimony that he was coerced into executing the first is of no avail.

*Same—Whether the Private Act of the Partner or of the Partnership—Construction by Collateral Conduct Relating to the same Subject-matter:* The question whether an instrument signed by a partner is his

private act or that of the partnership, may be solved by his collateral con-
duct relating to the same subject-matter.

*Practice—Unindorsed Note—Suit on Assignment to Pay—Evidence:*
Although an unindorsed draft held by a bank for collection cannot be
sued on by such bank, it may be used as evidence in a suit on an assign-
ment of personal property by the acceptor thereof to pay such drafts.

In Equity:   Interpleader:.

Robert W. Breckons, Attorney for Plaintiff.

E. M. Watson, Attorney for Yee Chong.

J. J. Dunne, Attorney for Bishop & Co. and Cecil Brown,
recognized as Interpleading Plaintiffs.

DOLE, J.   The plaintiff, Wm. F. MacLennan, brought this
action of interpleader, reciting the proceedings under which
the Fire Claims Commission,—created for the purpose of con-
sidering and awarding damages in favor of persons who suf-
fered a loss of property by its destruction under the orders of
the Board of Health of the Territory of Hawaii or in conse-
quence of such orders, in connection with the suppression of the
bubonic plague in such Territory,—awarded to the partner-
ship doing business under the name of Yee Chong, damages to
the amount of $1736.65, by an award entitled Judgment Award
No. 6008; and further reciting that $1,000,000 was appro-
priated by the Congress of the United States to pay in part
the awards of such Commission, and that he was appointed by
the Treasurer of the United States for the purpose of dis-
bursing such sum of $1,000,000 to pay in part such awards;
and that under such authority and proceedings, the sum of
$1178.85 was then in his hands for payment to the person or
persons entitled to the same under the said award; and that
said partnership and Bishop and Company, Bankers, and Cecil
Brown were severally and distinctly insisting on some right to
the said sum and threatening to bring actions at law against
him for the payment thereof, and praying that such parties
might be required to interplead and settle and adjust their said
demands between themselves, and that the plaintiff be allowed

to pay the said sum of $1178.85 to this court. A decree was thereupon made that the plaintiff pay the said sum to the clerk of this court and be then dismissed with costs from further prosecution of this suit, and that the said defendants do interplead, settle and adjust their several claims and matters in controversy in this suit between themselves. Thereupon the said Bishop and Company and Cecil Brown and four of the members of the firm of Yee Chong, to-wit, Ma Yin, Pong Poy, Choy Ping Sun, in the bill called Choy Ping Chin, and Choy Bow Sing, in the bill called Choy Bow Shin, acting together, filed answers, and proceedings being taken thereon and questions of law in relation thereto being considered and disposed of as set forth in the record of proceedings in this case, the matters in issue finally came on to be heard upon their merits; the said Bishop and Company and Cecil Brown having been found by the court to stand in relation to the case as between' the claimants, as plaintiffs, and the Yee Chong company as defendants.

The following facts may be considered as established beyond further question:

*First.* That the firm of Yee Chong was doing business in Honolulu at the time of the fire in connection with the action of the Board of Health referred to, which took place on the 20th day of January, in the year 1900; and that Fu See Leong, one of the partners of such firm, was then, and had been from the inception of the firm some months before, the managing partner thereof; and that the partners, in consequence of the destruction of their goods by such fire, afterwards in March, 1900, mutually dissolved the partnership.

*Second.* That Fu See Leong, immediately after the fire, went into business on his own account under the old firm name of Yee Chong and while engaged in such business ordered goods from one Man Kwat Lee in Yokohama, Japan; that such goods were invoiced to him under the name of Yee Chong, and that on the 27th day of May, 1901, Man Kwat Lee drew a draft addressed to "Messrs. Yee Chong, Honolulu," to the order of the Chartered Bank of India, Australia and China, for

$506.25; that on the 10th of June, 1901, Man Kwat Lee drew on "Messrs. Yee Chong, Honolulu," to the order of the Chartered Bank of India, Australia and China for $504.84.    The first of these drafts was accepted on the 7th of June, 1901, and the second on the 2nd of July, 1901, both acceptances being signed Yee Chong by See Leong.    The earlier of these drafts was indorsed "July 24, 1901, on account, $130," and "December 10, 1901, on account $100."    The first draft contained the following indorsement:    "Pay to the order of the First National Bank of Hawaii for the Chartered Bank of India, Australia and China (signed with an indecipherable signature) Agent," which indorsement has been erased by marking with ink.    The second draft is indorsed in the same way except the word *Limited* follows National Bank of Hawaii, and is erased in the same way.    Both drafts are indorsed as follows:    "Received payment in settlement 17/12/02 in Yokohama for the Chartered Bank of India, Australia and China, Yokohama (signed with an indecipherable signature) Agent."    These two drafts are in the possession of Cecil Brown, defendant.

It appears that a certain draft, referred to by Bishop and Company in their final answer, as "A certain draft heretofore drawn by one Man Kwat Lee, of Yokohama, in the Empire of Japan, against the firm 'of Yee Chong of Honolulu, in this district, and duly accepted by said firm of Yee Chong in favor of National Bank of China, Limited, of Hong Kong, China, and now held by this defendant for collection," has been lost.

The following instruments were introduced in evidence by the plaintiffs, the same having been referred to in their answers:

An alleged assignment of the said award of the Fire Claims Commission to Cecil Brown as the trustee of the Chartered Bank of India, Australia and China, dated July 8th, 1902, which contains the following words, the same being the gist thereof:

"I, Fu See Leong, of Honolulu, Territory of Hawaii, doing business under the name, style and firm of Yee Chong Com-

pany, general dealer in Chinese goods, wares and merchandise, in consideration of the sum of seven hundred and eighty-one dollars and nine cents due and owing by me to the Chartered Bank of India, Australia and China, a foreign corporation, and the interest thereon from the maturity of the two drafts accepted by me at the rate of eight per cent., do hereby sell, assign, transfer and set over unto Cecil Brown of Honolulu, Attorney at Law as the Trustee for the said The Chartered Bank of India, Australia and China, my claim for damages caused by the destruction of my personal property under orders of the Board of Health in connection with the suppression of Bubonic Plague. * * * The said claim being known and designated as claim Number 6008 and the sum of $2639.59 being the amount thereof and the claimant being named Yee Chong. And I do hereby for the consideration aforesaid sell, assign, transfer and set over unto the said Cecil Brown as such trustee the judgment, claim and demand so awarded to me. * * * And I do hereby authorize * * * the said Cecil Brown, trustee, my attorney in fact irrevocably to demand, collect and receive * * * the amount of the said claim and judgment thereon and give a full receipt and discharge therefor and to release and acknowledge full satisfaction for the said judgment. * * * And I hereby ratify * * * all acts which my said attorney and assignee shall do or cause to be done in the premises. The said Cecil Brown shall pay out of the first money collected * * * ten per cent. of the total amount of said judgment * * * to the attorney of record who filed the said claim * * * and after the payment of the amount due to the Chartered Bank of India, Australia and China, and the interest thereon and expenses incurred in collection pay over the balance, if any, to me, the said Fu See Leong. The claim, etc., * * * are hereby absolutely vested in the said Cecil Brown as such trustee as aforesaid and all my right, title, claim, interest and property in and to said claim and judgment * * * is assigned to him * * * for the purposes aforesaid. In witness

whereof I have hereunto set my hand and seal * * * (Sgd.) Fu See Leong, (Seal) doing business under the name and style of Yee Chong."

An alleged assignment of the said award to Bishop and Company, dated August 25th, 1902, which contains the following words, the same being the gist thereof:

"We, Yee Chong, * * * for and in consideration of the sum of Five Hundred Seventy-nine 12/100 ($579.12) dollars * * * hereby sell * * * unto Bishop & Co., bankers, * * * all our right, title and interest in and to that certain fire claim and judgment, award No. 6008, dated Honolulu, June 19, 1902, for the amount of One Thousand Seven Hundred Thirty-six and 65/100 Dollars ($1736.65). This assignment is subject to the prior assignment to the Chartered Bank of India and Australia for the amount of $871.00 to secure certain drafts now in possession of the First National Bank of Honolulu. It is hereby understood * * * that if there shall be any amount over and above the said prior assignment and this claim of Bishop & Company, after paying ten per cent. attorneys' fees, such surplus shall be returned to the said Yee Chong. And in consideration thereof we do hereby empower the said Bishop & Company with full authority to collect said judgment against the Territory of Hawaii and to execute any and all receipts, and releases necessary in the premises. In witness whereof we have hereunto set our hands this 25th day of August, A. D. 1902. (Sgd.) Yee Chong, by See Leong, Manager."

An alleged assignment of the said award to Cecil Brown, dated July 20th, 1903, which contains the following words, the same being the gist thereof:

"I, Yee Chong * * * for and in consideration of the sum of one dollar ($1.00) to me in hand paid by Cecil Brown * * * do hereby sell * * * to the said Cecil Brown my Judgment Award No. 6008 for the sum of Seventeen Hundred Thirty-six and 65/100 dollars ($1736.65) * * * the same having been awarded to me by the Fire Claims Com-

mission  *  *  *  on the 19th day of June, A. D. 1902.   To have and to hold the same unto the said Cecil Brown, his heirs and assigns forever.   And I do hereby constitute and appoint the said Cecil Brown my true, full and irrevocable attorney, for me, and in my name, to sign, receipt for and collect a certain warrant No. 6008, issued and signed by the Auditor of the Territory of Hawaii.  *  *  *  In witness whereof I have hereunto set my hand and seal this day of July 20, 1903 (Sgd.)  Yee Chong by See Leong, Manager and Partner."

The pleadings and evidence present the following issue, which is perhaps the crucial point of the case:   Did the partnership of Yee Chong or any of its members, upon the dissolution mutually agreed upon between them, give such public notice thereof as would relieve the retiring members from liability for the acts of Fu See Leong,—the remaining partner, who carried on the business under the old firm name?

The evidence given by several of the members of the firm shows that notice of the dissolution of the firm was given to several of its local creditors when they demanded payments of its debts, but that no public notice of any kind was given.   One of these witnesses, Ma Yin, gave the names of three firms to which they had given such notice; these were all that he could remember.   He also testified that no notice was given to Cecil Brown.   The same witness testified that they never dealt with Bishop and Company.   He said that See Leong attended to the business with white people; that the company was a very short time in business and he didn't think that it had any transactions with the bank.   It was further admitted by the defendants that the dissolution was not advertised in the papers and there is no evidence that any public notice of any kind was given.

The case of *Griswold v. Haven,* 25 N. Y. 595, has the following, referring to the liability of a retiring partner for the act of a partner continuing the business where no notice of the dissolution has been given:

26—U. S. D.

"There is no difference in this respect between the liability of the principal for the fraud of his agent, and that of a partnership for the fraud of one of its members.    Judge Story, in treating of the liability of partnerships in such cases, says: 'The whole doctrine proceeds upon the intelligible ground, that when one of two innocent parties must suffer by the act of a third person, he shall suffer who has been the cause or the occasion of the *confidence and credit* reposed in such third person.' (Story on Part., Sec. 108.)    Mr. Collyer, also, places this language of Judge Story at the head of the section in which he treats of this class of liabilities, and expressly applies the principle to the case of negotiable securities, fraudulently issued by one of the partners."    p. 602.

"In *Bristol v. Sprague,* 8 Wend. 423, which was an action against a retired partner upon a note made after the dissolution, Nelson, J., says, 'It is well settled that one partner may bind another after dissolution of the firm, if the payee or holder of the note is not chargeable with notice, express or constructive, of the dissolution of the partnership (6 Johns., 144; 6 Cowen, 701) ; and that such notice must be specially communicated to those who had been customers of the firm, and as to all others by publication in some newspaper in the county; or in some other public and notorious manner.' "    *Lovejoy v. Spafford, et al.,* 93 U. S. (3 Otto) 430, 439 ; *Stimson v. Whitney,* 130 Mass., 591, 594; 22 Encl. Law (2nd Ed.) 211, 212; *Parsons on Partnership,* 412.

The case of *Lovejoy v. Spafford, et al.,* supra, 440, has the following with reference to the liability of the retiring partner to strangers :

"Mr. Justice Story, in his work on Partnership, says, the retiring partner 'will not be liable to mere strangers who have no knowledge of the persons who compose the firm, for the future debts and liabilities of the firm, notwithstanding his omission to give public notice of his retirement; for it cannot

be truly said, in such cases, that any credit is given to the retiring partner by such strangers.' Sect. 160."

Bishop and Company and Cecil Brown, as well as the bank represented by Cecil Brown, The First National Bank of Hawaii, were located and did business in Honolulu, the same place where the partnership of Yee Chong conducted its business, and under such circumstances cannot be regarded as strangers to the partnership, without evidence to that effect. Man Kwat Lee of Yokohama, who drew the bills of exchange referred to on Messrs. Yee Chong also cannot be regarded as a stranger in the sense of the words cited above, for Fu See Leong stated in his testimony in trying to explain how Man Kwat Lee came to address him as Yee Chong in his invoices and to draw on him as Messrs. Yee Chong, said: "I think that Hi Chew Leong recom-"mended this Yee Chong to Man Kwat Lee. Q. How do you "know that? A. Because Hi Chew Leong has sent that lot of "tea to me, to us, my father in the first place, and so I think "he recommended this name to this firm. Q. When he sent "that lot of tea did he send it to Yee Chong in Honolulu? "A. Yes,—the invoice,—there is no mark on the package." *Transcript,* p. 23.

It appears from the testimony that the father of Fu See Leong had done business under the name of Yee Chong before the partnership of Yee Chong, referred to in these proceedings, was organized, so that if Man Kwat Lee was doing business with Fu See Leong's father before the organization of the partnership and with Fu See Leong himself as Yee Chong after the dissolution, was it likely that he was unacquainted with the partnership during its existence? The fact that after the dissolution, while Fu See Leong was conducting the business under the firm name, he, Man Kwat Lee, in dealing with the latter addressed his invoices to "Yee Chong" and his drafts to "Messrs. Yee Chong," is strong evidence that he thought he was dealing with the firm, otherwise there is no explanation of his use of the plural title.

Under the circumstances, the parties interested in the drafts not appearing to be strangers to the partnership and not having had notice of the dissolution of the firm or any opportunity of knowing of such dissolution, were entitled to rely on the credit of the partnership as it had previously existed.    And Fu See Leong, who had been the managing partner of the firm, by doing business in its name and accepting drafts addressed to "Messrs. Yee Chong" as "Yee Chong by See Leong," rendered the other partners, who had allowed such assumption of the firm name by him without giving notice of the dissolution, liable to the party in whose favor he had accepted such drafts, and to the representatives of such party to whom he had executed the several assignments referred to, so far as the same are binding on the Yee Chong Company.

Have the two drafts drawn in favor of the Chartered Bank of India, Australia and China any standing in this court against the objection of counsel for the several partners of the firm of Yee Chong appearing in this case, the indorsement to the First National Bank of Hawaii having been erased?

It would appear that in the management of the collection of such drafts, they were properly indorsed by the bank in whose favor they were drawn and received by Cecil Brown or the bank represented by him, and then returned to their original owner without having been collected, or,—in the case of one of them, having been only partially collected; that thereupon the indorsements were erased and the drafts again forwarded to him or his bank without any new indorsements.    Under these circumstances the drafts were in the same status as if they had never been indorsed and were non-negotiable and so had no standing in this court as the basis of this action; that is, Cecil Brown could not have sued on such drafts alone.    And in accordance with the interlocutory decision made in these proceedings November 16th, 1904, allowing Bishop and Company and Cecil Brown to amend their pleadings in order to allege facts, showing title in them to the said award, they having

previously claimed merely as creditors, such drafts have no standing in any case as a basis of the suit, yet they are admissible as evidence tending to show the *bona fides* of the debts recognized in the first assignment to Cecil Brown, especially in view of the fact that Fu See Leong admitted in his testimony that he still owed something on account thereof.

In the case of the draft referred to in the answer of Bishop and Company, which has been lost, the loss thereof does not materially affect the outcome of their claim, the same being described in the answer and the amount of $579.12 alleged to be due thereon, being admitted by the assignment to Bishop and Company.    Both plaintiffs must stand or fall on their assignments.

The first assignment is dated July 8th, 1902, the assignor being described as Fu See Leong, doing business under the name, style and firm of Yee Chong company, and is signed in similar language, and provides that for the consideration of $781.09, stated to be due and owing by him to the Chartered Bank of India, Australia and China, and interest thereon, he does "sell, assign, transfer and set over unto Cecil Brown of Honolulu, Attorney-at-Law, as the Trustee for the said The Chartered Bank of India, Australia and China, my claim for damages caused by the destruction of my personal property under orders of the Board of Health in connection with the suppression of Bubonic Plague," etc.   The said claim is fully described in the instrument and is identical with the claim set forth in these proceedings as belonging to the firm of Yee Chong, except that the amount of the award is erroneously stated.    The instrument requires Cecil Brown to "pay out of the first money collected   *   *   *   ten per cent. of the total amount of said judgment   *   *   *   to the Attorney of Record who filed the said claim   *   *   *   and after the payment of the amount due to the Chartered Bank of India, Australia and China and the interest thereon and expenses incurred in collection, pay over the balance, if any, to me, the said Fu

See Leong." The instrument closes with the statement that the claim, etc., are vested in the said Cecil Brown as said trustee, and all the right, title, claim, interest and property of the assignor in such claim and demand is assigned to him for the purposes aforesaid.

There was considerable evidence introduced through the witness Fu See Leong to the effect that he was forced to execute this instrument by threats of imprisonment by the cashier of the First National Bank of Hawaii. The evidence on this point does not impress me as reliable. It is weak, vague and does not contain the characteristics of a *bona fide* statement, and does not accord with established facts relating to its execution. Moreover, the said Fu See Leong, within two months thereafter, made a similar assignment in favor of Bishop and Company for similar purposes without any alleged threats or coercion, which assignment refers to the previous assignment in terms which amount to a ratification thereof; and still later, over a year from the time of the first assignment, he made another assignment to Cecil Brown which, though brief, was an unqualified assignment for the consideration of one dollar of the same award of the Fire Claims Commission as described in this first mentioned assignment. Fu See Leong's evidence of being forced and frightened into making the first assignment is not at all borne out by his action in making the subsequent ones. The second assignment to Cecil Brown is signed "Yee Chong by See Leong, Manager and Partner," and the assignor is described in the body of the instrument as Yee Chong.

What effect do these two assignments have on the claim of Cecil Brown in these proceedings? The first one is apparently by Fu See Leong in his own right as if he were the sole possessor and owner of the award and claim mentioned, and yet his description of the property assigned shows it to be without question the property of the old firm of Yee Chong. His second assignment of the same property is made ostensibly by the firm of Yee Chong and signed by Fu See Leong as managing partner.

"Where the signature of a firm name to an instrument shows that it was intended to be the act of the partners, effect must be given to it accordingly, although only one of them is named in the body of the instrument." *George v. Tate,* 102 U. S., 564 (Syllabus).

In the above named case, the question arose upon the legal force of a certain assignment in which one partner was mentioned in the body of the instrument as William Green and the words of the assignment referred to his interests in a certain instrument which was the subject of the assignment. The assignment was signed "Myers & Green, by Wm. Green." The other partner, Myers, was shown this assignment and orally approved of it. The court said:

"Viewing the transaction in the light of this evidence, it cannot be doubted that it was the intention of both parties that the bond should be transferred to Tate, and we think that intent was made effectual. The difficulty, so far as there is any, has arisen from the unskillfulness of the draftsman of the instrument. The assignment could have been made by one of the partners, and he could have made it by parol. *Jones v. Guaranty & Indemnity Company,* 101 U. S. 622; Story, Partn., Sect. 101. The signature of the firm name shows that the instrument was intended to be the act of both partners, and effect must be given to it accordingly."

Under other authorities, this assignment would have been good as the act of the firm without the oral assent of the other partner, the intent being clear to make it the act of the firm.

I think that the description of the assignor both in the body of the first instrument and in the signature, taken with the contents of the instrument, fully identifying the claim and award assigned as the claim and award belonging to the Yee Chong company, the consideration of the instrument exactly corresponding to the amounts of the two drafts still due, makes the instrument the act of the Yee Chong company as far as the assignee is concerned, and binding on all the partners. If I

am wrong in this, I feel that this instrument, taken together with the second assignment to Cecil Brown in which the assignor is described as Yee Chong in the body of the instrument and is signed "Yee Chong by See Leong, Manager and Partner," the assignment fully identifying the award assigned as being the' same one referred to in the previous assignment and the one referred to in these proceedings as the property of the Yee Chong company, satisfactorily shows the transaction to be that of the firm.

The assignment to Bishop and Company is by Yee Chong as described in the body of the instrument and signed "Yee Chong by Fu See Leong, Manager." It makes this assignment of the Fire Claim and award subject to the prior assignment to the Chartered Bank of India, Australia and China for the amount of $871; this amount evidently being a mistake for $781.09, the amount of such assignment, thus recognizing under the firm name the first assignment to Cecil Brown as Trustee of the Chartered Bank of India, Australia and China. There has been a good deal of carelessness in the drafting of these assignments.   In this last one, the words "Chartered Bank of India and Australia" evidently refer to the Chartered Bank of India, Australia and China mentioned in the first assignment to Cecil Brown, Trustee for that bank.

Under the view above taken, that there was no public notice of the dissolution of the firm of Yee Chong, and that Man Kwat Lee and Bishop and Company and Cecil Brown do not appear to have been strangers to the partnership, and the conclusions mentioned as to the validity of the assignments to Cecil Brown, taken together as the action of the Yee Chong company, and the assignment to Bishop and Company as such action, I feel that the plaintiffs, Cecil·Brown and Bishop and Company, are legally shown to be entitled to the said award to the extent of their claims which they hold against the Yee Chong company or against Fu See Leong, doing business as Yee Chong.   The fact that the first assignment is to Cecil Brown, Trustee for

the Chartered Bank of India, Australia and China, and the second assignment to him is merely to Cecil Brown, does not in my mind destroy the validity of either of such assignments in their relation to this case, as the references of all the assignments to the Fire Claims award are so exact that it is not a matter of difficulty in my mind that one is to Cecil Brown as trustee and the other merely to Cecil Brown, the object of both of them being sufficiently clear to show that they were intended to be transfers of that award for the purpose of paying the debts of Yee Chong or of Fu See Leong, doing business as Yee Chong.

The indorsements on the two drafts in favor of the Chartered Bank of India, Australia and China, already referred to, as follows: "Received payment in settlement 17/12/02 in "Yokohama for the Chartered Bank of India, Australia and "China" (signed with an unintelligible signature) "Agent," have no special force in this case, Fu See Leong having admitted that something was due on them both.

I will sign a decree in favor of Cecil Brown for $506.25 with interest from June 22nd, 1901, at the rate of eight per cent., subject to the payments of $130 and $100, with interest; and for $504.84 with interest at the same rate from July 17th, 1901; and in favor of Bishop and Company for $579.12 with interest at the rate of eight per cent. from May 4th, 1905;— the decree in favor of Cecil Brown to be satisfied in full before payment is made on account of the decree in favor of Bishop and Company.   In the matter of costs I will hear argument of counsel on the question whether the plaintiffs are liable for such costs as accrued up to the date of the decision above referred to of November 16th, 1904.